NATHAN RENWICK, plaintiff in error, vs. THE LAGRANGE BANK, defendant in error.

[1.] It is error in the Court to submit to the jury an issue of fact, upon the assumption that there is evidence to authorize a finding, when there is proof to warrant the assumption.

[2.] The verdict of a jury will be set aside and a new trial granted, when there is no evidence to warrant the finding.

Assumpsit, in Troup Superior Court. Tried before Judge CABANISS, May Term, 1859. ·

This was an action of assumpsit, brought by Nathan Renwick against the LaGrange Bank, to recover for services rendered by plaintiff, as President *pro tem.* of said bank ; and also one hundred and sixty dollars, the amount claimed to be due from dividends declared on the capital stock of said bank, he being the owner of ten shares thereof. Plaintiff claimed for his service rendered, *as President pro tem.*, from 14th February, 1856, until the 25th day of March, 1858, the sum of six thousand dollars.

After the testimony closed, the Court charged the jury, that the plaintiff must recover according to his allegations and proof. He had sued the bank for services rendered as President *pro tem. ;* the action is brought to recover the value of the services rendered, and not for a salary. It was therefore incumbent on him to prove that the services were rendered, and the value of those services, and he must recover accordingly, if he recovered at all. The jury must determine, from the evidence, what services had been proven, and their value, and find whatever amount was shown to be due. But if , at the time he entered upon the duties of President *pro tem.,* and while acting as such, he did not intend to charge the bank for his services, but intended to render them gratuitously, he could not afterwards convert a gratuity into a demand, unless he had given notice of this change of intention, and the bank assented to it.

The Court further charged the jury, that if the plaintiff was the owner of ten shares of the capital stock of said bank, he was entitled to whatever dividends had been declared on said stock while he owned it; but if he had already been paid said dividends, he was not entitled to recover them again.

To all of which charge plaintiff excepted.

The jury found for the plaintiff the sum of fifty dollars.

Whereupon, counsel for plaintiff tendered his bill of exceptions, assigning as error the charge aforesaid.

G. A. BULL, for plaintiff in error.

B. H. HILL, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

We see nothing in the record in this case, which would authorize the inference, that the services rendered by the plaintiff to the defendant, were a gratuity; and to make this assumption the ground of a charge to the jury.    Nor is it true, that the right of the plaintiff to compensation is to be tested by his intention.    He may not have intended charging for his services.    Still, if he did not communicate that intention, but kept it to himself, it will constitute no bar to this suit.    He might contract to serve for a salary, and yet secretly intend not to claim it.    Surely, this private purpose, shut up in his own bosom, and undeveloped by words or acts, will not be in his way.    We repeat, we see not a particle of proof in the record to authorize the charge upon this point to the jury.    And while it is quite likely that the effect of this charge was to incline the jury to undervalue the services of the plaintiff, still, as they found something, we are bound legally to say, that they did not take this view of the case, and that consequently a new trial could not be granted on that account, notwithstanding the error of the Court.

It is rather questionable whether the depositions of Holland and Austell were not admissible.    Perhaps their testimony could be presented in a less objectionable shape, by asking those witnesses what the services of a bank President were worth, who rendered such services as were shown to have been performed by the plaintiff, besides giving the institution the credit of his name, which was worth more perhaps to this bank than any thing else.    Besides, the

amount of business transacted by this bank, is an element to be taken into the computation, when fixing the pay to which the President is entitled.

And although this suit is not for a specific sum—as a salary—why may not the salary of Burch, the President of this bank, as well as the salaries of Presidents of other banks of like character and business, be given in evidence to show, even under a *quantum meruit*, what the bank itself thought such services worth?

[1.] As to the finding of the jury, that the bank dividends were paid, it is unsupported by a scintilla of proof. And it was error in the Court to refer this, as an open issue, for the jury to try.

The idea, we suppose, upon which the charge was given, and the jury acted, upon this branch of the case, was : That Dr. Renwick, being an officer of the bank, could so conveniently have drawn his dividends, he must have received them. But because he was an officer of the bank, that gave him no more right to thrust his hands into the vaults of the bank, and draw out the money, than if he had been an entire stranger. Many stockholders suffer their dividends to accumulate, especially if the amount is small, and they are not needing funds. Where are the vouchers for the payment of these dividends? Does any bank pay dividends without taking the necessary acquittances? Such is not my experience, nor the experience, we apprehend, of any stockholder. Surely, evidence that the dividends were declared, and that is all we have upon the subject, is no proof of their payment.

It is suggested by counsel for the defendant in error, that rather than send the case back, if we think the testimony insufficient to support the verdict as to the dividends, that they will pay the sixty dollars rather than be troubled with another trial.

[2.] The Court has the power, and has used it, to grant new trials upon terms ; that is, unless the successful party will write off the excess above what is right. But we have

no power too add to a verdict.   It would not be operative.
This appeal had best be  addressed to the  plaintiff, by way
of tender or otherwise.

Judgment reversed.