## 1062.  TINSLEY v. THE STATE.

1. An application to continue a motion for a new trial, in order to enable the movant to obtain an affidavit as to alleged newly discovered testimony, is addressed to the sound legal discretion of the presiding judge. In the present case there was no abuse of discretion.
2. An alleged erroneous instruction of the court to the jury is not to be viewed insularly and apart from the context.
3. An erroneous instruction to the jury will not work a reversal, if the verdict as rendered makes it manifest that the finding of the jury was in no wise affected thereby.
4. No reversible error appears.

Conviction of shooting at another, from Terrell superior court —Judge Worrill.  February 8, 1908.

Argued March 31,—Decided July 31, 1908.

*James G. Parks, H. A. Wilkinson,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold, J. B. Ridley,* contra.

POWELL, J.  The plaintiff in error excepts to the overruling of his motion for new trial, and also to the refusal of the trial judge to continue the motion in order to enable him to complete an extraordinary ground.  At the time set for the hearing of the motion, the movant's attorney requested that he be allowed a few days longer in which to prepare an additional amendment, on the ground of newly discovered evidence of one Connor, who was in Quincy, Florida, but was expected to return home in a very short time; and stated to the court that the substance of the newly discovered evidence was, that Connor was at the house of Emma Rumney at the time the defendant was accused of shooting the prosecutor, and saw the prosecutor get up from his chair and draw a pistol and advance on the defendant; that the defendant began to back, and the prosecutor kept advancing; that he saw him get into a tussle, and during the tussle the pistol fired; and that the prosecutor was trying to pull the pistol from the defendant at the time it fired.  Movant's counsel admitted that he had not seen or talked with the proposed witness in person.  The refusal to allow the additional time in which to submit the proposed amendment and the affidavit of Connor in support thereof was placed upon the ground that the movant had had ample time to prepare his case, and upon the further ground that the alleged newly discovered evidence was merely cumulative and impeaching.  The court proceeded to hear and determine the motion for new trial.

1. The rule that all applications for continuances are addressed to the sound legal discretion of the court, and that this discretion will not be interfered with unless manifestly abused, is applicable to the hearing of a motion for a new trial. The original motion was filed January 9, 1908. The hearing was first set for January 31, and was continued by proper order until February 8, 1908, which was the date upon which the further postponement was asked. Thus thirty days had elapsed between the original filing of the motion and the hearing, and it was not made to appear that counsel had not had time enough (after he was informed of the nature of Connor's testimony) to procure the witness's affidavit, even though he might have been in Florida. It is true that counsel stated that he had learned of this evidence only a few days before the hearing, but the term "a few days" is necessarily indefinite, and even a few days might be ample time in which to procure the affidavit of a witness in Quincy, Florida, if modern facilities for intercourse, such as mail, telephone, and telegraph were used. Before we could say that the judge abused his discretion, it would have to appear from the record that Quincy, Florida, was deprived of communication with the outside world, or that its location, as compared with the residence of the defendant's counsel, was so distant, or the definite time intervening between the knowledge of Connor's testimony and the date of the hearing was so short, that the testimony of the witness could have not have been procured by the exercise of ordinary diligence. Comparing the proposed testimony with that produced by the defendant on the trial, it appears that it would have been only cumulative; and for this reason it appears that the court was justified in refusing to delay the hearing of the motion to obtain it.

2. It is insisted, in the first ground of the amended motion for a new trial, that the court intimated an opinion that the weapon was used by the defendant, although that such was the case was denied by the defendant, and although it is an issuable fact whether the defendant used a weapon, or whether the prosecutor was wounded by the accidental discharge of a pistol. The instruction of which complaint is made is in the following language: "In order to determine the intention with which the defendant acts, you may look at the nature and character of the weapon used by him; you may look to the circumstances under which he used it,

you may look at the manner in which he used it." We have had occasion to remark several times that a criticism upon a disconnected excerpt from a charge to the jury is frequently unfounded, when the extract of which complaint is made is considered by the reviewing court (as it must be by the jury) in connection with the charge as a whole. Viewed thus, this charge is relieved by the context from the imputation of error. The court was charging in general and abstract terms as to the elements of an assault with intent to murder, and, upon the element of intention, used the language quoted above. It is plain that the "defendant" in the mind of the court was not the particular person on trial, but the hypothetical person who was the actor in the abstract proposition the court was announcing.

3. In the fourth ground of the motion for a new trial it is insisted that the court erred in charging the jury as follows: "If you should believe, at the time the assault was made, if any, that the defendant in this case got into a struggle or tussle with the party named in the bill of indictment, namely S. C. Winn, and that he didn't shoot at him or intentionally hit him, but that it was an accidental discharge of the pistol, then you would not be authorized in finding him guilty of shooting at another, but under such conditions you would be authorized in finding him guilty of an assault." It is contended that this instruction was unauthorized, under the law and testimony in the case. Compared with the indictment in the case, this instruction was erroneous; for the defendant was charged with making an assault only by shooting with a pistol. While, as an abstract proposition, the charge quoted would have been correct, it was not correct in this case, for the lack of any allegation in the indictment authorizing it. However, it is harmless error; for the defendant was not convicted of an assault, but of the offense of shooting at another; and thereby it clearly appears that the jury did not adopt that view of the evidence to which alone this charge was applicable. If the jury observed the charge of the court, as we are bound to presume they did, no harm resulted to the defendant from this error.

4. There are other exceptions to the charge. We have considered them carefully. None of them are well taken. Barring the slight blemish already dealt with, the charge was very able, full, and fair.                *Judgment affirmed. Russell, J., dissents.*