### 16132.  HUTCHESON *v.* BROWNING.

JENKINS, P. J.  1. In defenses to actions in tort, "what does not amount to justification may be pleaded in extenuation and mitigation of damages." Civil Code (1910), § 4489.  When the defendant has introduced testimony tending to sustain a plea of justification, "though it fails to make it out, the jury may take such testimony into consideration in mitigation of damages." *Henderson* v. *Fox*, 80 *Ga.* 479 (2) (6 S. E. 164); *Ransone* v. *Christian*, 49 *Ga.* 491; *Ivester* v. *Coe*, 33 *Ga. App.* 620 (127 S. E. 790, 792, 793); 5 Corpus Juris, 674 (§ 112).

2. Notwithstanding the apparent dictum in *Wall* v. *State*, 69 *Ga.* 766 (2), that the doctrine of reasonable fears "does not seem to apply to assault and battery," it is the general rule, recognized in this State, that for the purpose of mitigating damages, as well as for justification, in a civil action, the jury are not limited merely to "opprobrious words, or abusive language," used by the person assaulted (see Penal Code, § 103; *Thompson* v. *Shelverton*, 131 *Ga.* 714, 63 S. E. 220; *Berkner* v. *Dannenberg*, 116 *Ga.* 954, 963, 43 S. E. 463, 60 L. R. A. 559), but may consider the actions and conduct of the plaintiff at the time of the assault, with other facts, in determining if force, and what degree of force, on the part of the defendant was justified, and if not justified, what, if any, effect should be given to such facts as in mitigation. See *Dannenberg* v. *Berkner*, 118 *Ga.* 885 (2, 3), 889, 890 (45 S. E. 682); 5 Corpus Juris, 677, 678 (§ 118), 674, note (a).

3. It is the duty of the trial court to charge upon all the vital and substantial issues and contentions raised by the pleadings and evidence; and it is error to omit to charge upon a main ground of defense, even without a request. *City Electric Ry. Co.* v. *Shropshire*, 101 *Ga.* 33 (1, 2), 37, 38 (28 S. E. 508); *Cen. R. Co.* v. *Harris*, 76 *Ga.* 501; *Atlanta Ry. Co.* v. *Gaston*, 118 *Ga.* 419 (45 S. E. 508).

4. Where the judge, in his charge to the jury, has correctly stated at length the contentions of the parties, a further instruction that "these pleadings will go out with you, and it will be your further privilege and duty to read them over, and ascertain just what they contain," and that "if there are issues that I have not referred to, you ought to learn what these issues are from these pleadings when you go out," will not furnish ground for a reversal of the judgment. *Woodward* v. *Fuller*, 145 *Ga.* 252 (1) (88 S. E. 974). It is also the general rule, that where the court has "instructed the jury that they would find the contentions of the parties set out in the pleadings," such a "reference to the pleadings as containing such contentions will suffice, unless the special facts of the case may require a formal statement of the actual issues in order to prevent possible misapprehension." *Jones* v. *McElroy*, 134 *Ga.* 859 (3) (68 S. E. 857, 137 Am. St. R. 276); *Cen. of Ga. Ry. Co.* v. *McKinney*, 118 *Ga.* 535, 538 (45 S. E. 430); *Port Wentworth Terminal Corp.* v. *Leavitt*, 28 *Ga. App.* 82, 84 (110 S. E. 876). But where, as here, in an action for damages for an assault and battery on account of the defendant having struck the plaintiff with his hand, the defendant has pleaded as justification not only that the plaintiff at the time used opprobrious words and abusive language, but

was standing "in an angry and threatening attitude in the immediate vicinity of this defendant, with a walking stick in his hand," .that, "provoked and justified by such opprobrious words and abusive language, and justified by the threatening attitude of the plaintiff," the defendant struck with his open hand, and that the defendant was justified "by reason of plaintiff's conduct, and by the opprobrious words and abusive language used," and where there was evidence tending to support both of these defenses, and to show that the plaintiff had drawn his stick upward with his hands, it was the duty of the court, in referring to such defenses and contentions, to avoid leaving upon the jury the impression that the defendant relied solely upon the defense of opprobrious words and abusive language as justification or in mitigation of damages.

(a) In referring to the contentions made in the pleadings, the court charged that the defendant contended that he was justified in the assault, "on account of certain opprobrious words or abusive language used by the plaintiff," and, two sentences later, charged that they could look to the petition and answer "for a further statement of the claims in the petition and answer" and "a fuller statement of the case than is given you by the court." In charging later on the question of mitigation of damages, however, the court instructed the jury, "If you find that the defendant was not justified under the rule of law which I have given you in charge, you can also consider the opprobrious words or abusive language, if any were used, and, as I stated, you are the judges of what the facts are; you may consider any opprobrious words or abusive language which you may find to have been used, in mitigation of the plaintiff's damages, if you find that he is entitled to damages," and, after a further sentence generally defining the meaning of "mitigation," charged, "You can consider all the facts and circumstances in the case,— any opprobrious words or abusive language, if any were used,—you would consider them in relation to whether or not the defendant was justified; if you find that he was not, then you may consider the same, if you find that any were used in mitigation of any damages that you might assess." Exception is taken to the omission of the court to refer to the defendant's contentions that the plaintiff's conduct, threatening manner, and raising of his stick, amounted to a justification of what the plaintiff did, and might be considered upon the question of mitigation. *Held:* Whether or not the first excerpt, in which the court, after referring solely to "opprobrious words" and "abusive language" as the defense made, told the jury that they might further look to the pleadings, could be taken, in and of itself, as prejudicially restricting the defenses made to the action, the second excerpt must have left upon the jury such an impression. Even though they were told that they might "consider all the facts and circumstances in the case," this language was, in the same connection, limited and qualified by the words, "any opprobrious words or abusive language."

(b) The impression left upon the jury on the issue of mitigation was likewise left by the instructions given on the question of justification, since the court in that connection limited the issue solely to "oppro-

brious words or abusive language," without referring to the other defense either particularly or in general terms.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 21, 1925.

Action for damages; from city court of Polk county—Judge Tison.   November 3, 1924.

*E. S. Ault,* for plaintiff in error.

*John K. Davis,* contra.