### 18333.   PUFFER MANUFACTURING COMPANY *v.* NUNN.

BROYLES, C. J. 1. Grounds 1, 2, 3, and 4 of the amendment to the motion for a new trial (complaining of certain alleged errors in the charge of the court, but failing to set forth any excerpts from the charge) are too general and incomplete to raise any question for the consideration of this court.

Appeal and Error, 4 C. J. p. 853, n. 63.

New Trial, 29 Cyc. p. 942, n. 95; p. 944, n. 98; p. 949, n. 15.

Trial, 38 Cyc. p. 1610, n. 94; p. 1613, n. 16; p. 1621, n. 40; p. 1624, n. 51; p. 1707, n. 98; p. 1778, n. 73; p. 1779, n. 75.

2. The court did not err in failing to give in charge to the jury section 4137 of the Civil Code of 1910. That section relates to cases of express warranty (*Cook* v. *Finch*, 117 *Ga.* 541, 544, 44 S. E. 95), and the warranty in the instant case was an implied one.

3. In the light of the facts of the case and the entire charge of the court, the excerpt complained of in ground 6 of the amendment to the motion for a new trial was not reversible error. "It is not reversible error for the court, in stating the contentions of the parties, to state these contentions as they are presented in the pleadings, even though there be no evidence, or insufficient evidence, to support the contentions." *Matthews* v. *S. A. L. Ry.*, 17 *Ga. App.* 664 (87 S. E. 1097).

4. Under all the facts of the case this court can not hold, as a matter of law, that the defendant failed to carry the burden of proof which he assumed at the beginning of the trial, or that the verdict in his favor was not authorized by the evidence.

        *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

        DECIDED NOVEMBER 16, 1927.

Complaint; from city court of Atlanta—Judge Dorsey. May 30, 1927.

*George B. Rush*, for plaintiff.

*Hewlett & Dennis*, for defendant.