## 21357. ROUNSAVILLE v. ALBIN.

LUKE, J. 1. Under the pleadings and evidence in this case (which is an action to recover damages for a violent assault) the court did not err in charging as follows: "You may look further to the evidence, and see under what circumstances the defendant cut and stabbed Mr. Albin, if he did cut and stab him, and was not justifiable in cutting and stabbing him." The clause, "and was not justifiable in cutting and stabbing him," considered in the light of its setting, is not subject to the criticism that it was an expression of opinion of the court, in contravention of § 1058 of the Penal Code of 1910.

2. Where, in such a case, the defense set up was that the plaintiff himself provoked the assault by cursing and abusing the defendant and by assaulting him with a deadly weapon, and that the alleged stabbing was in self-defense, and where the court correctly instructed the jury as to the legal effect of opprobrious words and abusive language and of a simple assault, it was not, for any reason assigned, erroneous to add: "I charge you that if the plaintiff, Albin, was making a deadly assault, with a weapon in its nature likely to produce death, upon the defendant, Mr. Rounsaville, then Mr. Rounsaville would have a right to use such means to extricate himself from such assault, provided it was made with a deadly weapon. That is a question for your determination; and if Mr. Albin was making an assault on Rounsaville with a deadly

weapon, and Rounsaville, acting upon the fears of a reasonable man, made an assault upon Albin with a deadly weapon, if you find that to be true, that would be justification on the part of Mr. Rounsaville in making such an assault." When considered in connection with the entire charge, the quoted excerpt is not subject to the criticism that, under it, "the assault made upon the plaintiff by the defendant was justified only in the event that the plaintiff had assaulted the defendant with a deadly weapon, and not otherwise." See *Hutcheson* v. *Browning*, 34 *Ga. App.* 276 (129 S. E. 125), cit.

3. The verdict was authorized by that part of the evidence which was favorable to the plaintiff and accepted by the jury as the truth of the case.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 12, 1932.

*Wright & Covington*, for plaintiff in error.
*Porter & Mebane*, contra.