24377. TRAMMELL *v.* ATLANTA COACH COMPANY.

706

Decided August 5, 1935. Rehearing denied September 5, 1935.

G. Seals Aiken, for plaintiff.

Bryan, Middlebrooks & Carter, John A. Dunaway, for defendant.

Jenkins, P. J. ■ Errors in a trial which could not have injuriously affected the result against the excepting party are not good cause for reversal. Smith v. State, 3 Ga. App. 326 (59 S. E. 934); Cohen v. Krumbein, 28 Ga. App. 788 (3) (113 S. E. 58); Dees v. State, 41 Ga. App. 321 (152 S. E. 913). Accordingly, in an action for damages, growing out of injuries received in a collision between automobiles, where the question of comparative negligence was not made by the pleadings or otherwise, with the result that the judge did not charge thereon, but in effect charged the jury that, if the contentions of the plaintiff as to the negligence of the defendant were found to be true, they should find damages for the amount of the injuries shown to have been sustained, and

where the jury found in favor of the plaintiff in the sum of $500, and the plaintiff excepts because of the smallness of the verdict, any alleged errors of law as set forth in fifty-six of the ninety-three grounds of exception, relative to the issues of liability of the defendant, are rendered harmless by the verdict, and such grounds will not be adjudicated by this court. *Lewis Mfg. Co.* v. *Davis,* 147 *Ga.* 203 (4) (93 S. E. 206); *Woodruff* v. *Bowers,* 165 *Ga.* 408 (4) (140 S. E. 844).; *Parks* v. *Williams,* 137 *Ga.* 578 (4-*a*) (73 S. E. 839); *A., B. & A. Ry. Co.* v. *Sumner,* 134 *Ga.* 673 (4) (68 S. E. 593); *Renwick* v. *LaGrange Bank,* 29 *Ga.* 200, 202; *Hunt* v. *W. & A. Railroad,* 49 *Ga. App.* 33 (4), 36 (174 S. E. 222); *Tinsley* v. *State,* 4 *Ga. App.* 611 (3), 613 (62 S. E. 93); *O'Quinn* v. *Douglas &c. R. Co.,* 7 *Ga. App.* 309 (66 S. E. 810); *Jackson* v. *Ga. R. Co.,* 7 *Ga. App.* 644 (3) (67 S. E. 898); *Tipton* v. *State,* 8 *Ga. App.* 92 (68 S. E. 614).

■ The amount of damages returned by the jury in such a verdict, for pain and suffering, sustained because of alleged negligence, being governed by no other standard than the enlightened conscience of impartial jurors, the question of the inadequacy of the verdict is not one which can be raised by the general grounds in a motion for new trial. See *Bart* v. *Scheider,* 39 *Ga. App.* 467, 468 (147 S. E. 430); *Gainesville Midland Ry.* v. *Jackson,* 1 *Ga. App.* 632, 635 (57 S. E. 1007); *Continental Aid Asso.* v. *Hand,* 22 *Ga. App.* 726 (97 S. E. 206); *Atkinson* v. *Taylor,* 13 *Ga. App.* 100 (78 S. E. 830); *Williams* v. *Hines,* 26 *Ga. App.* 381 (2) (107 S. E. 265); *Anderson* v. *Kennickell,* 17 *Ga. App.* 574 (87 S. E. 835).

■ It is unnecessary to determine whether or not the private professional records of a physician, relating to his treatment of a patient prior to the accident forming the basis of a suit, can be introduced in evidence for the purpose of impeaching or illustrating his testimony, under the Code of 1933, § 38-1803 or § 38-1707. Whatever public policy might be as to the propriety of admitting such confidential documents, it does not seem that § 38-418 of the Code could be taken to exempt such documents on the theory of confidential communications; and whatever would be the rule under § 38-1707, providing that a witness may refresh his recollection by the use of any written memorandum, provided that he finally swears from his recollection as thus refreshed, as to whether or not such

written memorandum itself would be admissible for "any purpose" whatever (*Ingram* v. *Hilton & Dodge Lumber Co.*, 108 *Ga.* 194, 195 (3), 33 S. E. 961), and whatever might be the rule under § 38-1803, providing that a witness may be impeached by "contradictory statements" previously made, as to whether a confidential private office record of a physician could be taken and treated as such a "contradictory *statement*" as would bring it within the rule of the section last cited, in the instant case it appears that, irrespective of whether such records, and related oral testimony to which exception is taken, were improperly admitted for the purpose of impeaching or illustrating the physician's testimony, their admission must necessarily have been harmless, for the reason that they in no wise materially contradicted his testimony "as to matters relevant to his testimony and to the case," but on the contrary his testimony was in substantial accord with all of the statements in such records material to the case.

■ Thirteen of the grounds in the motion for a new trial except to the reading by the court of the defendant's contentions, made in its answer as amended, which set up that the plaintiff's condition arose from complaints or disabilities existing prior to the collision. In reading these pleadings, as well as the plaintiff's pleadings, the judge expressly informed the jury that the pleadings of both the plaintiff and the defendant from which he read were not evidence, but constituted the contentions of the parties. The general rule is that "a charge to the jury which is not authorized by the evidence and which is calculated to mislead and confuse the jury requires a new trial." *Southern Marble Co.* v. *Pinyon*, 144 *Ga.* 259 (2), 261 (86 S. E. 1086) ; *Gaskins* v. *Gaskins*, 145 *Ga.* 806 (89 S. E. 1080) ; *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2-a), 5 (76 S. E. 387, Ann. Cas. 1914A, 880). But this rule does not have application where, as here, the judge informs the jury that he is reading from the pleadings, and that they merely set forth the contentions of the parties, and are without evidential value. *Matthews* v. *Seaboard Air-Line Ry. Co.*, 17 *Ga. App.* 664 (87 S. E. 1097) ; *Wardlaw* v. *Wardlaw*, 41 *Ga. App.* 538 (2) (154 S. E. 159) ; *White* v. *Knapp*, 31 *Ga. App.* 344 (7-a), 346 (120 S. E. 796) ; *Ga. Ry. & Power Co.* v. *Simms*, 33 *Ga. App.* 535 (5) (126 S. E. 850) ; *Napier* v. *Strong*, 19 *Ga. App.* 401, 409 (4) (91 S. E. 579) ; *Briesenick* v. *Dimond*, 35 *Ga. App.* 668 (2) (134 S. E.

350); *Puffer Mfg. Co.* v. *Nunn,* 37 *Ga. App.* 358 (3) (140 S. E. 395).

■ "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and on objections made, he shall also rebuke the same, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Code of 1933, § 81-1009. In the instant case it was incidentally developed in the course of the testimony that this was not the first time that the case had been tried. It appears from the approved bill of exceptions, but not from the evidence, that there had been in fact two previous mistrials and one verdict for the plaintiff for $2500, which was set aside by the trial court. The attorney for the defendant, in his argument to the jury, made the following statement: "The fact that [the plaintiff] has had to come down here and try this case so many times shows that it is not any account. If it had been any account, she would not have had to come down here and try it so many times." Whereupon counsel for the plaintiff moved for a mistrial, and in his motion urged as an especial reason therefor that the plaintiff could "not legally show or argue the result of the other trials of this case." Thereupon the court instructed the jury as follows: "Gentlemen of the jury, you are not concerned in your consideration of this case with the number of times this case has been tried, and I rule out the argument of counsel about this. Mr. Middlebrooks, you may proceed with your argument." The court was correct in its instruction to the jury that they were not concerned with the number of times that the case had been previously tried, and in ruling out the argument of counsel. "Improper remarks of counsel are subject to correction either by proper instruction to the jury or a mistrial, according to the nature of the remarks and the circumstances under which they are made." *Rawlins* v. *State,* 124 *Ga.* 31, 51 (52 S. E. 1). If counsel, without asking for a mistrial, seek to have the ill effect corrected by thus disabusing the minds of the jurors of any injurious impression received, he can not by such procedure take his chances of obtaining a verdict in his favor, and if unsuccessful, thereafter complain that a mistrial had not been granted. *O'Neill Mfg. Co.* v.

*Pruitt,* 110 *Ga.* 577, 578 (36 S. E. 59). In this case the method adopted by counsel for the plaintiff was to move for a mistrial. Exception is taken to the fact that, while the court may have clearly enough instructed the jury in counsel's presence that they were not concerned in their consideration of the case with the number of previous trials, and while the argument of counsel was ruled out, the court did not directly and specifically rebuke counsel for the alleged prejudicial remarks about matters not in evidence, so as to bring the granting of a mistrial within his sound discretion. It is manifestly doubtful whether § 81-1009 undertakes to state the whole right and duty of the judge with reference to improper remarks of counsel, since the section appertains to remarks made solely as to "matters which are not in evidence," and, with reference to the granting of a mistrial, merely provides that "in his discretion, he may order a mistrial if the *plaintiff's attorney* is the offender." It would seem that the court, having control over the conduct of the trial, would not be limited merely to arguments made with reference to matters not in evidence (see *Frank* v. *State,* 141 *Ga.* 243, 80 S. E. 1016; *Moore* v. *State,* 10 *Ga. App.* 805, 74 S. E. 315; *Reese* v. *State,* 17 *Ga. App.* 523, 87 S. E. 717, and cit.; *Manning* v. *State,* 13 *Ga. App.* 709, 79 S. E. 905; *Miller* v. *State,* 8 *Ga. App.* 540, 69 S. E. 922); nor would the court be limited to remarks made by counsel for the plaintiff. See *Central Georgia Power Co.* v. *Cornwell,* 141 *Ga.* 843 (4) (82 S. E. 243, Ann. Cas. 1916D, 1020). While the facts of the instant case do not, strictly speaking, bring it within the express provisions of § 81-1009, since there was some testimony as to a previous trial or trials, and the remarks complained of were made by counsel for the *defendant,* it was nevertheless the right and duty of the judge to exercise his authority to remove any unauthorized impression which might have been lodged in the minds of the jury; and if in his sound discretion such could not have been done otherwise than by the grant of a mistrial, a mistrial should have been granted. However, upon the question as to whether a declaration of mistrial is required, "unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with." *Manchester* v. *State,* 171 *Ga.* 121 (7), 132 (155 S. E. 11). In the instant case, irrespective of whether or not the argument of counsel for the defendant concerning a matter dis-

closed by the evidence was within the strict language of the statute relative to the grant of a mistrial upon motion, the unauthorized remarks, taking into consideration their nature and character, were subject to correction, and even were the statute to be given application, it was substantially complied with by a proper instruction to the jury made in open court in the presence of counsel for the defendant, since the statement of the judge in addressing his remarks both to the jury and to the attorney for the defendant was tantamount to a rebuke and sufficient under the circumstances. See *Ga. Life Ins. Co.* v. *Hanvey,* 143 *Ga.* 786 (3) (85 S. E. 1030) ; *Chunn* v. *McRae,* 43 *Ga. App.* 417, 421 (159 S. E. 130).

■ Before a party is entitled to a charge, upon request, of the law that "where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded, but this presumption may be rebutted" (Code of 1933, § 38-119), it should be made to appear that the absent witness or missing evidence was in some way under the power and control and within the reach of the opposite party against whom the rule is invoked. *Brothers* v. *Horne,* 140 *Ga.* 617 (3) (79 S. E. 468). Where, as in the instant case, this in no wise appears either from testimony of the party relying upon the rule or from other evidence in the case, it is not error to refuse a written request to charge this principle. Nor did the court err in here ruling, in the presence of the jury, that the law was not applicable and the plaintiff's request would not be given, in the absence of any showing that the witnesses in question were "within the power and control of the defendant and were accessible."

■ There are a number of exceptions, such as to the court's use of the words, "I think I will rule out" testimony objected to, telling counsel to "go ahead with something else," using the word "experts" instead of "expert" in referring to expert testimony when only one expert witness was introduced, using the words "and practice" in referring to the rules of law and practice, and similar matters which could not conceivably have affected the verdict, and are therefore without merit. The remaining grounds pertaining to the amount of the recovery relate to charges and refusals of requests to

charge on the burden of proof, as to the measure of damages for pain and suffering, and the rules governing the jury's consideration of the testimony and its weight. The rules governing these matters were all sufficiently, correctly, and fairly covered by the general charge.

■ Many of the questions dealt with in the foregoing divisions of this opinion have been strongly and capably presented by counsel for plaintiff in error. In endeavoring to reach correct legal conclusions on the questions thus presented, we have done much research and have given long consideration in their determination. The one remaining exception which could be taken as bearing on the amount of damages undertakes to attack the charge as a whole as being conflicting, ambiguous, misleading, argumentative, and highly prejudicial to movant. Such an indefinite attack upon the charge as a whole can not be properly made. *Baker* v. *State,* 154 *Ga.* 716 (3) (115 S. E. 119); *Wade* v. *Eason,* 31 *Ga. App.* 256, 257 (120 S. E. 440); *Hill* v. *George,* 47 *Ga. App.* 272 (4) (170 S. E. 326). Moreover, we think that the charge was full and fair, and impartially presented the correct rules of law upon the questions here adjudicated.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

ON MOTION FOR REHEARING.

JENKINS, P. J. The motion for new trial, including the general grounds, contained ninety-three assignments of error. In the motion for rehearing the movant complains that the court has not complied with the provisions of the Code of 1933, §§ 6-1308, 6-1606, with reference to a consideration and decision of the ninety special grounds of the motion for new trial, in that the opinion of the court is set forth in only eight paragraphs. Counsel further contend that many of the alleged errors are not mentioned or passed upon in the decision. Of the thirty-five grounds contained in the motion for rehearing a large majority relate to questions of the defendant's liability, none of which were overlooked, but all of which were dealt with in the first paragraph of the syllabus, which paragraph disposed of fifty-six grounds of the motion for new trial, under the ruling that, where a verdict in the amount of $500 had been rendered in favor of the plaintiff, any alleged errors committed during the trial upon questions as to whether or not the defendant was liable became immaterial and harmless in view of the verdict rendered in favor of the plaintiff upon the issue of liability. The

remaining grounds of the motion for new trial, that is, questions relating to the amount of the recovery, were all fully considered and dealt with by the opinion, not, it is true, in a separate paragraph for each and every ground, but as related to one another under the rules of law enunciated in the last seven paragraphs of the opinion. For example, thirteen of the grounds, which might have related to the amount of damages, were disposed of in the fourth division of the syllabus. The court undertook in its opinion to deal with each and every ground relating to the amount of liability, after dealing specifically with all of the grounds bearing on the question of liability. The court not only undertook to comply with the statute and "announced by a written syllabus the points decided," but considered and dealt with every question raised. It is true that in paragraph 7 of the opinion we did not elaborate our holding upon the various exceptions taken to various charges given, refusals to charge, and failures to charge, by copying into the opinion the requests made, the charges omitted, and the charges given. On the motion for rehearing, most of the paragraphs constitute a reiteration of the plaintiff's contentions upon questions of liability. Several of the grounds, however, deal with questions which might pertain to the amount of damages; but we think that these have been fully covered in the original opinion. There is one question, which movant stresses in the motion with both earnestness and much ability, pertaining to the charge of the court on the burden of proof and its failure to charge on its own motion the language of the Code, § 38-103, as to the burden of proof, which we think might properly have been elaborated in the original opinion and upon which we now give our views.

The petition alleged certain physical injuries, disabilities, and infirmities resulting from the automobile collision. The answer as amended, in addition to denying that these arose out of the accident, pleaded in detail that they had existed long prior to the date of the accident. The Code, § 38-103, provides: "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." The court charged the jury as follows: "The effect of the defendant's plea is to put the burden of proof upon the plaintiff to prove to

your satisfaction by a legal preponderance of the evidence in the case that the allegations she makes are true, except such allegations, if any, as are affirmatively admitted by the defendant. Preponderance of the evidence, by which the plaintiff is required by the law to satisfy your minds, means the greater weight of the evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a fair and impartial mind to one side of the issue rather than to the other. Now that rule of the preponderance of the evidence and that burden that is upon the plaintiff is applicable to all issues of fact involved in the case." The contention of the plaintiff is that the failure of the judge to give in charge, without request and on his own motion, the language of the Code section quoted, and the language of the charge as actually given, placed upon the plaintiff not only the burden of proving her case as laid by the petition, but the additional undue burden of disproving the alleged facts in the answer as amended. As we understand it, the answer did not set up any affirmative defense. If the answer had admitted the facts stated in the petition, and had set up in justification or avoidance thereof an affirmative plea, the burden would have been upon the defendant to sustain such a defense. The amended plea, however, was but an elaboration of the general denial that the injuries sued for were occasioned by the accident, and was thus evidential or argumentative in its character. It is not conceivable that the jury could have understood the language of the court to mean that it was the duty of the plaintiff to prove *as true* the averments of the defendant that the injuries complained of were in existence long prior to the accident. If the language of the charge be subject to any misinterpretation, it would seem that such would be the only one possible. But, as already stated, where the plea did not set up an affirmative defense, and merely elaborated a denial of the allegations in the plaintiff's petition, it is not conceivable that the jury could possibly have understood the court to mean that the burden was upon the plaintiff not only to prove her own case, but also to prove facts in denial thereof—that is to say, both prove and disprove her own case. We do not think, however, that the language excepted to was subject to such a misinterpretation. At the beginning of this instruction, by its use of the language italicized, "the effect of the defendant's plea is to put the burden of proof upon the plaintiff

*to prove* to your satisfaction by a legal preponderance of the evidence in the case *that the allegations she makes are true, except such allegations, if any, as are affirmatively admitted by the defendant,"* the court plainly and clearly limited the burden placed upon the plaintiff to the allegations which she herself made, except so far as "affirmatively admitted by the defendant." When, therefore, the court again referred to the burden in the language, "now that rule of the preponderance of the evidence and *that burden* that is upon the plaintiff is applicable to all issues of fact involved in the case," the use of the words *"that burden"* in terms limited the burden to the burden as just defined, viz. *"to prove . . that the allegations she makes are true, except such allegations . . as are affirmatively admitted by the defendant."* As we see it, by no reasonable construction could the jury have been misled, as contended, into believing that the burden was upon the plaintiff to disprove the evidential and argumentative matters set up by the defendant neither as an affirmative plea nor as an affirmative admission of allegations in the petition. Moreover, the court made this even clearer later in the charge, after stating the substance of the petition and the denial by the defendant of its allegations: "Those are the contentions of the plaintiff, and I have told you all the rules of law; and the burden of proof is upon the plaintiff by a legal preponderance of the evidence on all issues of fact in the case—that is, *the burden is upon the plaintiff to prove* by a legal preponderance of the evidence *the allegations which she makes."* There was therefore no error in the instruction complained of; nor was there any error, in the absence of a written request, in failing to give in charge the particular language of the statute with reference to the burden of proof.

A verdict for the plaintiff in a larger sum would not have been unauthorized under the contested issues of fact, just as it is true that a verdict in her favor was not demanded. The original brief, arguing fully and in detail and with much legal ability each of the grounds of the motion for new trial, as well as the motion for rehearing, has been considered at length. We do not think that any of the grounds authorize the setting aside of the verdict and judgment rendered.                    *Rehearing denied.*