## 34510.   COX *v.* NIX.

DECIDED MARCH 13, 1953—REHEARING DENIED MARCH 28, 1953.

*Irwin R. Kimzey, Kimzey & Kimzey,* for plaintiff in error.
*Telford, Wayne & Smith,* contra.

GARDNER, P. J. ■ The plaintiff sued for alleged personal injuries, averring that they were the result of the defendant's

negligence in his operation of his motor vehicle—which was a "rolling store"—at a road intersection in White County. The plaintiff contended that she had the right of way at this intersection, and that the defendant forced her from the road, causing the wreck of her light truck, and that her injuries were occasioned thereby. The defendant contended that he was not negligent, as charged, and that the plaintiff, if she was injured as alleged, was injured as a result of her own negligence at said time and place. There was evidence tending to establish the plaintiff's contentions, but there was also competent evidence before the jury authorizing them to find that the plaintiff was negligent, and the jury so determined that she was negligent in a degree and amount that was not equal to and did not exceed the negligence attributable to the defendant. See *Conaway* v. *McCrory Stores Corp.*, 82 *Ga. App.* 97 (60 S. E. 2d, 631). We have considered the general grounds and conclude that the assignments of error thereon are without merit.

■ In the fourth ground (special ground 1) of her motion for a new trial, the plaintiff complains that the trial judge erred in charging the jury as follows: "These are briefly the contentions of the parties in the case. You will have the pleadings out with you and you will have a right to read them paragraph by paragraph and determine what all the contentions are. As I say, you may read them or not read them, that being a matter entirely for your consideration. I charge you that contentions are not evidence—I mean, pleadings are not evidence but only form the basis of recovery when properly supported by the evidence." The court had just prior to giving the jury this instruction, charged them on the contentions of the parties. The plaintiff now contends that the above excerpt from the charge was erroneous, in that it amounted to informing the jury that they should ignore the pleadings. This charge is not unlike the charge of the court in *Weathers Bros.* v. *Jarrell*, 72 *Ga. App.* 317, 338 (33 S. E. 2d, 805), to the effect that the jury would have the pleadings out with them and could refer to them as they found necessary in order to ascertain the contentions of the parties, and that such pleadings were not evidence but merely the contentions of the parties. See also *Georgia Power Co.* v. *Whitlock*, 48 *Ga. App.* 809 (174 S. E. 162). This case does not fall within the

rulings made in *McLean* v. *Clark*, 47 *Ga.* 24, and *Holloway* v. *Mayor &c. of Milledgeville*, 35 *Ga. App.* 87 (132 S. E. 106). These authorities are not applicable here.

See also *Hutcheson* v. *Browning*, 34 *Ga. App.* 276 (4) (129 S. E. 125), and the decisions therein referred to and dealt with. The *Hutcheson* case, which is cited and followed by this court in *Weathers Bros.* v. *Jarrell*, supra, deals at length with a somewhat analogous situation and cites and quotes from applicable Supreme Court decisions. See also *Louisville & N. R. Co.* v. *Patterson*, 75 *Ga. App.* 1 (2) (42 S. E. 2d, 163). In *Trammell* v. *Atlanta Coach Co.*, 51 *Ga. App.* 705 (4) (181 S. E. 315) it was held not error for the court to expressly inform the jury that the pleadings of the parties merely set forth the contentions of the parties and are without evidential value. Also see *Matthews & Co.* v. *Seaboard Air Line Ry. Co.*, 17 *Ga. App.* 664 (87 S. E. 1097); *Wardlaw* v. *Wardlaw*, 41 *Ga. App.* 538 (2) (154 S. E. 159); *White* v. *Knapp*, 31 *Ga. App.* 344 (7a), 346 (120 S. E. 796); *Napier* v. *Strong*, 19 *Ga. App.* 401, 409 (91 S. E. 579); *Puffer Mfg. Co.* v. *Nunn*, 37 *Ga. App.* 358 (3) (140 S. E. 395). This charge was, therefore, not erroneous.

■ In the ground of her motion for a new trial designated in her amendment thereto as "4-A" (special ground 1-a), the plaintiff contends that the verdict for her in this case for $200 was grossly inadequate under the pleadings and the evidence, in that the evidence demands a finding that as a result of the collision she suffered a miscarriage, and that she is yet under the care of a physician, which is more than a year after the accident. The plaintiff further contends that the evidence demands a finding that she suffered and still suffers pain and anguish from her said injuries, and that the amount of damages fixed by the jury and awarded to her was insufficient as a matter of law as compensation for such pain and suffering, and such damages are grossly inadequate as a matter of law.

In the first place, the miscarriage suffered by the plaintiff took place one and a half months subsequent to the occurrence by which she was injured, and the jury were not, as a matter of law, bound to find that same caused the miscarriage. Again, comparative negligence was involved under the pleadings and the evidence here. In such a case, a verdict for damages for

personal injuries cannot properly be set aside on the ground that the verdict is inadequate. In *Flanders* v. *Meath,* 27 *Ga.* 358, 361, the Supreme Court held that the grant of a new trial in such a case was error. " 'The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias.' Civil Code, § 4399; *Central of Ga. Ry. Co.* v. *Perkerson,* 112 *Ga.* 923, 933. . . Where the evidence authorizes the jury to find that both parties are at fault, but the defendant slightly more so, so as to give the plaintiff a cause of action, a verdict for a small amount is proper and should not be disturbed." *Hunt* v. *W. & A. Railroad,* 49 *Ga. App.* 33, 34 (1) (174 S. E. 222). Where the plaintiff is negligent in a lesser degree than the defendant, her damages are to be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff. See *Smith* v. *American Oil Co.,* 77 *Ga. App.* 463 (49 S. E. 2d, 90). This is a question for the jury. *Evans* v. *Carroll,* 85 *Ga. App.* 227, 230 (68 S. E. 2d, 608). The jury has determined here that the plaintiff was negligent, but to a degree somewhat less than that of the defendant. Otherwise the plaintiff could not recover at all; she would have no cause of action under the evidence. *Conaway* v. *McCrory Stores Corp.,* supra.

The verdict here cannot be held, therefore, to be grossly inadequate on account of the alleged injuries sustained by the plaintiff. No error appears from this ground.

■ Grounds numbered 5, 6, and 7 (special grounds 1, 2, and 3) assign error on the following charge: "But even though a driver on the left has failed to observe a right of way statute and is thus guilty of negligence per se, or has otherwise failed to exercise ordinary care in approaching the intersection, this will not render such driver liable, as a matter of law, for a collision unless such negligence proximately contributed to the collision. This is true for the reason that such negligence of a driver approaching on the left will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an inter-

section without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing and to exercise ordinary care in the control, speed and movements of his car to avoid a collision after he sees or by ordinary diligence could have seen that one is threatened or imminent." This charge is not subject to the criticisms urged thereto and was not erroneous as contended by the plaintiff. The verdict was in her favor, and there was evidence from which the jury could find that she did not exercise due care in the manner in which she operated her car, or rather in the manner in which she approached this intersection, regardless of the fact that she might have had the right of way thereat. The above charge was not error on any ground assigned by the plaintiff, even though the verdict had been unfavorable. See generally *Eddleman* v. *Askew*, 50 *Ga. App.* 540 (3) (179 S. E. 247), and *Laseter* v. *Clark*, 54 *Ga. App*. 669, 671 (189 S. E. 265).

The court did not, in effect, instruct the jury that the defendant was negligent, in that portion of said excerpt in which the court stated: "His right of way and right to assume the absence of negligence by others did not entitle him to drive blindly and recklessly across an intersection without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision after he sees or by ordinary diligence could have seen that one is threatened or imminent." This was a correct and accurate statement of the law, applicable under the facts in the record, and did not amount to an expression of opinion that the plaintiff drove blindly or recklessly across this crossing or intersection.

None of these special grounds shows error as to the plaintiff.

■ In ground 8 (special ground 4) of the motion for new trial as amended, the plaintiff contends that the court erred in charging the jury: "And if a person is negligent and his negligence results in injuries to another person, yet, if that other person is also negligent at the same time and his negligence concurs with the negligence of the person whose negligence causes the injury, and, concurring with it, contributes to the injury, so that

it becomes a proximate and immediate or direct cause, so that she would not have been injured if she had not, herself, been negligent, although the other party may also have been negligent, under these circumstances the law would not allow her to recover damages for her injuries from the other party." Without determining whether the foregoing charge is entirely accurate in dealing with the comparative-negligence doctrine as it prevails in Georgia (see *Smith* v. *American Oil Co.*, supra, and cit.), the verdict here was in favor of the plaintiff, and such charge, if not accurate, did not show reversible error.

The same is true of the excerpts from the charge embodied in grounds 9 and 10 (special grounds 5 and 6) of the motion for a new trial as amended, namely: "No person can recover damages unless the party against whom the damages are claimed is guilty of negligence, and even in case where the jury may believe that the defendant might be guilty of negligence, the person claiming the damages cannot recover if the person injured could have by the use of ordinary care and diligence have avoided the consequences of the defendant's negligence if you believe he was negligent"; and, "If you find that the defendant was not guilty of any negligence, or that the plaintiff could have avoided the consequences of defendant's negligence, then it would be your duty to find in favor of the defendant."

No error of law appearing, and the verdict for the plaintiff being in harmony with the law and the evidence, the trial judge did not err in denying the plaintiff's motion for new trial, when we consider the charge as a whole and the evidence under the record, as applied thereto.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*