Hood & Robinson, plaintiffs in error, vs. William Ware, defendant in error.

[1.] A libel for divorce was filed against W. H. & R.. attorneys, prepared his answer thereto and his affidavit, to which he was sworn in open court. Attorney for libellant recognized H. & R. as counsel for W.: *Held*, That this was sufficient evidence of the employment of H. & R. by W.

[2.] The uncontradicted evidence in the cause showing the services rendered were worth $150 or $200, and the jury having found only $25, the verdict set aside as against evidence, and a new trial granted.

Motion for New Trial. Decided by Judge Clarke. In Terrell Superior Court. November Term, 1865.

The plaintiffs in error, as a copartnership in the practice of law, sued the defendant, on account, for two hundred dollars, as a fee for their professional services in an action for divorce, brought against the defendant by his wife.

At the trial, Mr. Douglass, who had been counsel on the opposite side of the divorce case, testified that the answer of defendant to a rule for temporary alimony, pending the action for divorce, was in the handwriting of Mr. Robinson, one of the plaintiffs, and that defendant's affidavit to the truth of the answer was also in his handwriting. These papers were

Hood and Robinson vs. Ware.

produced in evidence, and showed that the answer was signed by the plaintiffs, together with Perkins & Nisbet, as defendant's attorneys; and that the affidavit was sworn to and subscribed by the defendant before the clerk of the Court in which the action for divorce was pending.

Mr. Douglass testified, further, that the services rendered were worth one hundred and fifty or two hundred dollars, and that the case had terminated in a settlement, at which neither of the plaintiffs was present.

The jury found a verdict in favor of the plaintiffs for twenty-five dollars; and they moved the Court for a new trial, on the ground, that the finding was contrary to law and evidence, and strongly and decidedly against the weight of evidence.

The Court refused a new trial; and that is alleged as error.

W. A. HAWKINS, for plaintiffs in error.

WOOTEN, for defendant.

WALKER, J.

[1.] In this case the testimony clearly established the employment of plaintiffs by defendant; for he adopted the papers prepared by them, and was recognized as counsel by the counsel of libellant.

[2.] The uncontradicted evidence in the cause, was that " the services rendered were worth one hundred and fifty or two hundred dollars." The verdict was for twenty-five dollars. Being decidedly against, not only the weight, but of all the evidence on this question, the verdict must be set aside, and a new trial granted.

Judgment reversed.