THE SAVANNAH, GRIFFIN AND NORTH ALABAMA RAIL-
ROAD COMPANY, plaintiff in error, *vs.* GRANT, ALEXAN-
DER & COMPANY, defendants in error.

(JACKSON, Judge, being related to the parties, and also having been of counsel, did not preside.)

1. As the action was not brought by the plaintiffs, as mechanics, but as part-
ners and contractors, they were not entitled to recover a lien as mechanics.
An amendment will cure this omission.
2. If the plaintiffs were mechanics, and contracted to do the work in the ca-
pacity of mechanics, they would be entitled to their lien.  *Aliter*, if they
were to do the work in the capacity of contractors.   This question the jury
must decide.
3. Whilst the construction of a written contract is for the court, still it is be-
yond its province to determine whether work done thereunder constituted
parties thereto mechanics.

Pleadings.    Mechanic's lien.    Amendment.    Contracts.
Charge of Court.    Before Judge TOMPKINS.    Spalding Su-
perior Court.    August Term, 1875.

Reported in the decision.

SPEER & STEWART; N. J. HAMMOND; BOYNTON & DIS-
MUKE; C. PEEPLES, for plaintiff in error.

R. F. LYON; McCAY & TRIPPE; E. W. BECK, for de-
fendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs, as partners
and contractors, against the defendant, to recover an amount
of money alleged to be due them by it, and also to enforce a
recorded mechanic's lien under the provisions of the 1959th
section of Irwin's Revised Code.   There was no contest as to
the amount due, but the contested question on the trial of the
case was, whether the plaintiffs were entitled to a mechanic's
lien on the defendant's road as claimed by them.   The jury,
under the charge of the court, found a verdict in favor of the
plaintiffs' lien upon the defendant's road from Griffin to New-

nan. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record that on the 20th of October, 1869, the plaintiffs made a written contract with the defendant's agent to build its road from Griffin to Newnan, in the manner and upon the terms therein specified. There is nothing said in the agreement as to the plaintiffs being mechanics, or as to their having any lien on the defendant's road for the work which they contracted to do; but the plaintiffs recorded a mechanic's lien on the defendant's road on the 5th of January, 1871.

John T. Grant, one of the plaintiffs, testified that he was a mechanic, had followed mechanical pursuits all his life, took contracts to build houses, bridges, etc.; that he contracted to build the bridges, and did some work on them with his own hands; would saw and mortice, and show others how to do the work; did not do a great deal of work with his own hands. When the contract was made they had two or three hundred hands under their control; Grant, Alexander & Company were partners, organized to build railroads, and other work; he had not followed the trade of a mechanic regularly for the last fifteen years; sub-let some of the work; witness' son, who was one of the company, was also a mechanic, and has, ever since he was a man, been engaged in building bridges, railroads, etc., as a business.

Thomas Alexander, one of the company, sworn, stated that his trade or calling was that of a stone cutter, or mason; that a large portion of the work done on defendant's road, was stone work, some of it he did himself, and some he sub-let to others.

Richard Peters, one of the company, sworn, stated, that he was some thirty years ago a civil engineer; sub-let the largest portion of the work; repaired some of the culverts himself, near Head's creek; built one with his own hands; the company worked convict labor as well as others.

This is substantially the evidence in the record as to the

plaintiffs being mechanics, and as to what *sort of mechanics* they severally were.

There was no point made here, that the plaintiffs had not substantially complied with the 1963d, and 1964th sections of Irwin's Revised Code, if the plaintiffs were otherwise entitled to their lien on the defendant's road.

The court charged the jury as follows : " This is an action in favor of Grant, Alexander & Company *vs.* The Savannah, Griffin and North Alabama Railroad Company. The amount to be recovered is not in controversy in the case. It is agreed that the plaintiffs are entitled to recover $17,510 90, with interest from 1st November, 1870, so that your duties on this branch of the case will be easily discharged. The main question in the case is as to whether the plaintiffs are entitled to the lien claimed by them on the defendant's road. When I shall have given you the law on this point of the case you will have as little difficulty as on the other. I am asked to give you in charge :

" 1st. If you think the plaintiffs were mechanics when they contracted and did the work, still they cannot recover the lien unless they contracted in their capacity as mechanics. Although the contract does not designate the plaintiffs as mechanics, still if it shows by its very terms, they were employed to do mechanical work, then they were employed as mechanics and can so recover whether or not they did all the work with their own hands ; and this is especially so if the defendants consented that the contract should be sub-let. This I give you in charge.

" 2d. I charge you, however, that if the contract was with the defendants to build and finish the construction of their road, its bridges, culverts and masonry, and the plaintiffs have been proved to be mechanics, and if they finished the road according to contract, it was a mechanical employment, and as it is with the court to construe the contract in writing, I charge you that the work to be done, by the terms of the contract, is mechanical, and whether the plaintiffs worked as such mechanics or not in the actual construction of the road, still, if

they undertook to do mechanical work, and then they had the work done by other persons, they can recover as mechanics. And if you believe that the plaintiffs undertook, under and pursuant to this contract, to finish defendant's road as provided in the terms of the contract, and they did so finish it, this constitutes them mechanics and they would be entitled to maintain their lien and would be entitled to have this lien enforced for the sale of the road. Gentlemen, if you believe all the testimony in the case as given you from the stand by the plaintiffs, then you will find in favor of the lien.

"Gentlemen, retire and make up your verdict, unless you can find without retiring. (To counsel for plaintiffs)—'You can write the verdict in proper form.' (Counsel for plaintiffs)—'Perhaps the jury had as well retire, and we can put the verdict in proper form when they come in.'"

1. The plaintiffs did not bring their action against the defendant as mechanics, but brought their action against it as partners and contractors, and were not entitled to recover for a mechanic's lien, as such, as the record stood at the time of the trial; but as we feel constrained to reverse the judgment of the court below and order a new trial, that defect may be cured by an amendment of the plaintiffs' declaration.

2. The great and controlling question in the case, then, will be, when the plaintiffs amend their declaration, (as we think they may do, and sue as mechanics for the enforcement of their alleged recorded lien, as provided by the 1964th section of Irwin's Revised Code,) whether the contract set forth in the record was made by the plaintiffs with the defendant in the *capacity* of mechanics or in the *capacity* of contractors. Contractors may be mechanics as well as those who are not mechanics. Were the plaintiffs mechanics, and did they make the contract with the defendant in the *capacity* of mechanics? If the plaintiffs were mechanics, and made the contract with the defendant in the capacity of mechanics, these facts may be shown by parol evidence, the same not being inconsistent with the written contract, and they may enforce their recorded mechanic's lien, as provided by the before recited sections of Irwin's

Revised Code. But although the plaintiffs may have been mechanics, if they did not contract with the defendant to do the work in the *capacity of mechanics,* but made the contract with the defendant in the *capacity of contractors,* then they are not entitled to enforce a mechanic's lien against the property of the defendant. Whether the plaintiffs were mechanics, and made the contract with the defendant to do the work in the capacity of mechanics, or whether they made it in the capacity of contractors, were questions which should have been submitted to the jury under the evidence, without any expression or intimation of opinion on the part of the presiding judge as to what had or had not been proved in relation to those questions: Code, section 3248.

3. Whilst it is true that the construction of a written contract, is a question for the court, still, the court is not presumed to know what is mechanical work done under a contract, to constitute one a mechanic, unless the presiding judges of the courts are to be considered as *experts* in regard to what does constitute a mechanic, mechanical work, and mechanical operations generally. We think it much the safer rule to leave these questions to the decision of the jury under the evidence of witnesses who may or may not be *experts* as to such questions, rather than to the decision of the presiding judge of the court. In view of the evidence contained in the record the charge of the court was error.

Let the judgment of the court below be reversed.