Thurman, administrator, *vs.* Pettitt.

---

THURMAN, administrator, *vs.* PETTITT.

Where a carpenter built a store-house under a contract with the owner of real estate, he occupied the position both of a contractor and of a mechanic, and in either capacity, or in both, he had a right to a lien, under §1979 of the Code.

(*a.*) This case differs from 56 *Ga.*, 68.

November 20, 1883.

Contractor. Mechanic. Liens. Before Judge FAIN. Dade Superior Court. March Term, 1883.

Reported in the decision.

GRAHAM & GRAHAM, for plaintiff in error.

W. N. JACOWAY; T. J. LUMPKIN; R. J. McCAMY, for defendant.

HALL, Justice.

The plaintiff, who is a carpenter, built a store-house for defendant's intestate, in pursuance of a contract entered into between them. Within thirty days after the completion of his work, he recorded a lien, as contractor, upon the premises thus improved. This suit was brought to recover a balance due for the work, and to enforce the lien thus recorded. On the trial, it was objected that the plaintiff, being a mechanic, could not insist upon his lien as a contractor, but this objection was not sustained by the court, and judgment was given setting up and enforcing the lien as recorded. The exception to this ruling makes the only question for our determination. The plaintiff sustained to the contract a double relation; he was not only a mechanic, but a contractor, and had, in both or either one of these capacities, a good right to the lien set up. Code, §1979.

This is distinguished from the case of the *Savannah, Griffin & North Alabama R. R. Co. vs. Grant, Alexander & Co.*, 56 *Ga.*, 68, by the fact that, at the completion of the work in that instance, no law existed giving contractors a lien upon the real estate improved by them. Although the declaration was for a contractor's lien, this court permitted them to amend it, and show, if they could, that the contract was made with them as mechanics, and that they did the work in that capacity.

There is no error in the decision of the court below on this point.

Judgment affirmed.