## HAMER v. WHITE.

FISH, J.   1. "A plaintiff who submits to a ruling that his petition is defective without amendment, and amends to meet the objection which would otherwise result in dismissing his case, will not be thereafter heard to say that the amendment was not necessary." *Glover* v. *Railroad Company,* 107 *Ga.* 34.

2. Inasmuch as a justice's court has no jurisdiction in actions of trover, a constable who seizes property by virtue of a process issuing from such a court in a bail-trover case is a trespasser, although he may act in good faith and without malice. *Blocker* v. *Boswell,* 109 *Ga.* 230; *Holton* v. *Taylor,* 80 *Ga.* 509.

3. A trespasser who interferes with another's rightful possession and use of personalty is liable for damages thus occasioned; and where in a given case the damages were readily capable of ascertainment and the amount thereof under the evidence necessarily exceeded that named in the verdict returned in the plaintiff's favor, he is entitled to a new trial.   *Judgment reversed.   All the Justices concurring.*

Argued December 7, 1899.—Decided January 29, 1900.

Action for damages.   Before Judge Calhoun.   City court of Atlanta.   May 20, 1899.

*D. S. Craig* and *Hamilton Douglas,* for plaintiff.
*W. H. & E. R. Black,* for defendant.

---

## HART v. PHENIX INSURANCE COMPANY.

SIMMONS, C. J.   This case is controlled by the principle of the ruling set forth in the 5th headnote of the decision in the case of *Phenix Ins. Co.* v. *Searles,* 100 *Ga.* 97.

*Judgment affirmed.   All the Justices concurring.*

Argued December 9, 1899.—Decided January 29, 1900.

Action on insurance policy.   Before Judge Reid.   City court of Atlanta.   May term, 1899.

*Westmoreland Brothers* and *Daniel W. Rountree,* for plaintiff.   *Slaton & Phillips,* for defendant.