13069. LEE *v.* HILL.

BROYLES, C. J. 1. The issue in this case was made by the filing of a counter-affidavit to the foreclosure of a laborer's lien. Upon the trial the evidence demanded a finding (1) that the plaintiff was not a "laborer" within the meaning of the statute, and that he made the contract with the defendant in the capacity of a contractor and not in the capacity of a laborer; and (2) that the contract had not been completed prior to the foreclosure of the lien. The verdict in favor of the plaintiff was therefore contrary to law and the evidence, and the court erred in overruling the defendant's motion for a new trial. See, in this connection, Civil Code (1910), § 3359; *Savannah &c. R. Co.* v. *Grant*, 56 *Ga.* 68; *Kline* v. *Russell*, 113 *Ga.* 1085 (39 S. E. 477); *Bruton* v. *Beasley*, 135 *Ga.* 412 (69 S. E. 561).

2. The foregoing ruling is not affected by the fact that the evidence authorized a finding that the plaintiff was advised by the defendant to take out a laborer's lien, or by the further fact that the judge erroneously charged the jury, in substance, that if they found that the plaintiff had taken out a laborer's lien upon the advice of the defendant, the latter would be estopped from contending that the plaintiff had foreclosed under the wrong code section; and that no exception was taken to this charge. Erroneous legal advice given by a person is not an "admission" within the meaning of section 5736 of the Civil Code (1910), although such advice may have been acted upon to another's injury and to the benefit of the party giving it. And especially is this true where, as in this case, it does not appear that the advice was given in bad faith or with intent to deceive or defraud. And the failure of the losing party in a case to except to an erroneous charge of the court does not make the charge the law of the case, where the motion for a new trial contains the ground that the verdict is contrary to law and the evidence. *Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 7, 1922.

Lien foreclosure; from Newton superior court — Judge Hutcheson.    October 3, 1921.

*Rogers & Tuck,* for plaintiff in error.    *King & Johnson,* contra.