### 22962.  HILL v. CLOUD.

STEPHENS, J.  1. An attorney at law employed to examine title to real estate who negligently fails to report an existing outstanding lien upon the property is liable to his client for the actual damage sustained as a result of the attorney's negligence.  6 C. J. 711.

2. Where a person having a lien upon property employed an attorney to examine the title to the property, and the attorney negligently overlooked and failed to report the record of an outstanding lien on the property, and, in reliance upon the report of the attorney, the person employing him took up another lien on the property, and the lien which the attorney overlooked was of record and constituted a first lien upon the property superior to the other liens, and was afterwards foreclosed, the loss, as a result of the attorney's negligence, to the person who employed him, was the value of the property, where this value was within the amount of the lien which was overlooked.

3. While opinion evidence as to the value of land is not binding upon a jury, and, notwithstanding the opinion evidence as to value, the jury may, where there is evidence as to the character and the amount of the land, make their own estimate as to value, yet where, in a suit involving the value of land, it appears that the land consists of fifty acres constituting a home place in the county of Taliaferro in this State, and the lowest estimate placed thereon, as appears from the evidence, is that the value of the land is $400, an inference is demanded as a matter of law that the land is worth a sum in excess of one cent. Therefore, upon the trial of a suit against an attorney to recover damages alleged

as resulting from the attorney's failure to report the existence of the lien upon the land, where the plaintiff had employed the attorney to examine the title, and where the outstanding recorded lien against the land which the attorney failed to report as of record was in the amount of $1400, and the amount of damage suffered by the plaintiff was determinable by the value of the land, unless the value of the land was in excess of $1400, the amount of the lien, and where it appeared from the evidence conclusively and without dispute that the land was of the description indicated above, the evidence demanded a finding that the plaintiff's damage was in excess of the amount found, in the sum of one cent, and the verdict for the plaintiff, which was a finding that the attorney was liable to the plaintiff in some amount as damages, was without evidence to support it and contrary to law. The court erred in overruling the plaintiff's motion for a new trial, based upon the general grounds.

4. Since the verdict for the plaintiff adjudicated that the defendant was negligent and liable to the plaintiff (although there was evidence which would have authorized a contrary verdict), the assignments of error in the plaintiff's motion for a new trial which relate only to rulings calculated to affect the jury only in a determination as to whether the defendant was liable and the plaintiff entitled to recover are necessarily harmless to the plaintiff.

5. Otherwise no error appears.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 15, 1934.

*J. A. Mitchell,* for plaintiff.
*H. M. Holden, M. L. Felts,* for defendant.