23726. WARR *v.* McELROY.

SUTTON, J. 1. This was a distress proceeding before a jury in a justice's court. The jury found in favor of the plaintiff for the amount of rent claimed. While the evidence was conflicting, there was some evidence to authorize the verdict; and the judge of the superior court did not err in overruling the defendant's petition for certiorari, upon the ground that the verdict for the full amount of the rent claimed was not authorized. There was evidence that the plaintiff had paid a grocery bill of the defendant, but the evidence did not demand a finding that this item was included in the amount of rent claimed, but, on the contrary, the jury were authorized to find that the defendant was due to plaintiff as rent the amount found by them to be due.

2. The evidence authorized a finding by the jury that the defendant contracted with the plaintiff for the rental of the premises with knowledge that the plaintiff did not own the same. The evidence did not demand a finding that this was done by the plaintiff as agent of his father-in-law, the owner of the premises. There is no merit in the contention that the distress proceedings should have been dismissed because sued out by the plaintiff in his own individual capacity and not as agent for his father-in-law. *Spence* v. *Wilson,* 102 *Ga.* 762 (29 S. E. 713); *Boyd* v. *Kinzy,* 127 *Ga.* 358 (2) (56 S. E. 420); *Clark* v. *Long,* 25 *Ga. App.* 807 (105 S. E. 654).

(a) The contention of the defendant that, as the father-in-law of the plaintiff had died before the end of the rental period, and as rents are personalty, and the right to collect them is in the personal representative of the deceased landlord, the present proceedings could only be instituted

in the name of the personal representative of the plaintiff's father-in-law, is without merit. See *Autrey* v. *Autrey*, 94 *Ga.* 597 (20 S. E. 431). The evidence fully authorized the jury to find that the defendant dealt with the plaintiff in his individual capacity, and that as to the defendant the plaintiff was the landlord, and not the deceased father-in-law, who owned the demised premises at the time of his death.

3. Applying the above ruling, the judge of the superior court did not err in overruling defendant's petition for certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1934.

*W. B. Hollingsworth, W. H. Hardin,* for plaintiff in error.
*O. J. Coogler,* contra.