31914.   RIGGS *v.* WATSON *et al.*

Decided May 8, 1948.

*S. Gus Jones, H. A. Aultman,* for plaintiff.

*S. A. Nunn, J. W. Bloodworth, Harris, Harris, Russell & Weaver,* for defendants.

PARKER, J. ■ The first special ground of the amended motion assigns error on the failure of the court to charge so much of the Code (Ann. Supp.), § 68-9919, as defines the criminal offense of reckless driving. The amended petition alleged that "at said time and place said driver drove said motor vehicle upon said street in such a manner as to be in wilful and wanton disregard of the safety of persons and said conduct on his part amounted to reckless driving and was in violation of law." Although the plaintiff alleged wilful and wanton conduct in the language of the statute, we think the evidence would have to support the allegation before the court would be authorized to give the statute in charge. The definition of reckless driving is based on wilful and wanton disregard of the safety of other persons. While the evidence was sufficient to show negligence on the part of the driver of the truck, we do not think it showed wilfulness or wan-

■

tonness within the meaning of the law. "The conduct of the defendant must be 'such as to evidence a wilful intention to inflict the injury, or else so reckless or so charged with indifference to the consequences . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent.'" *King* v. *Smith*, 47 *Ga. App.* 360, 366 (170 S. E. 546); *Reid* v. *Sinclair Rfg. Co.*, 62 *Ga. App.* 198, 201 (8 S. E. 2d, 527). We do not think this ground shows error.

■ We think the court erred as contended in ground 3 in permitting the defendants to offer evidence over timely objection as to the amount of money expended by them in keeping up all their trucks; and that any evidence as to repairs, or money expended therefor, should have been restricted to the one truck involved in the transaction under investigation.

■ In an action for damages for personal injuries, based on negligence alone, it is error to charge the statute with reference to punitive damages. *Wadley* v. *Dooly*, 138 *Ga.* 275 (6) (75 S. E. 153). "To authorize the imposition of punitive damages, there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Central of Ga. Ry. Co.* v. *Sowell*, 3 *Ga. App.* 142 (59 S. E. 323), citing *Southern Ry. Co.* v. *O'Bryan*, 119 *Ga.* 148 (45 S. E. 1000). We think the court properly omitted a charge on punitive damages as complained of in ground 7.

■ Grounds 8 and 9 complain of the charge of the court on the subject of emergency, and that the court expressed an opinion by the use of the words "thus creating an emergency" in the charge as given. While the question presented by these assignments of error is not free from doubt, in our minds at least, under some phases of the evidence the jury may have been authorized to find that an emergency existed, and this is ordinarily a question for the jury. *Morrow* v. *Southeastern Stages*, 68 *Ga. App.* 142, 148 (22 S. E. 2d, 336). We think the substance of the charge was without error and that, for the reasons stated, the court did not err in giving the charge.

■ Ground 10 assigns error on the charge of the court in part as follows: "If, on the other hand, you decide the plaintiff is entitled to recover, you would go a step further and take up the

question of damages, if any, to be awarded." Of course, if the plaintiff was entitled to recover, some reasonable amount as damages should have been awarded, and this is doubtless what the court meant although it may have been inaptly stated.

■ We do not think the charge complained of in ground 11 on the measure of damages was error. It must be considered in connection with the entire charge on that subject.

■ Grounds 12 and 13 complain of the charge of the court on the subject of accident. We think this charge was error. It gave the defendants the benefit of a defense not pleaded or sustained by the evidence. See *Morrow* v. *Southeastern Stages,* supra, and *Ault* v. *Whittemore,* 73 *Ga. App.* 10, 15 (35 S. E. 2d, 526), and citations. Under the pleadings and the evidence the jury was authorized to find as they did find, that the defendants were negligent in some one or more of the ways alleged by the plaintiff, and that such negligence was the proximate cause of the death of the child as claimed by the plaintiff. Since a jury has determined that the defendants are liable, on evidence which we think clearly authorized such finding, we do not think that the charge on accident was proper. "The idea of accident excludes responsibility because of negligence." *Seaboard Air-Line Ry.* v. *Bradley,* 125 *Ga.* 193, 198 (54 S. E. 69, 114 Am. St. R. 196). Since accident was not involved under our view of the case, the charge on that subject was probably harmful to the plaintiff in view of the very small verdict for the plaintiff.

■ The charge complained of in ground 14 shows no error.

■ The plaintiff excepts to the inadequacy of the verdict. We think this point is covered by the general grounds of the motion, and we do not now pass on these since the case is to be tried again.

■ Several assignments of error deal with the same question and may be treated together. These relate to the age of the child and to the contention of the plaintiff that the child, because of its youthfulness and inexperience, could not be charged with any degree of diligence respecting its own safety. This point was made in the first instance in a demurrer filed by the plaintiff to the answer of the defendants. The answer alleged that the child carelessly and negligently ran into the highway immediately in front of the truck, and that this conduct amounted to a failure on the part of said child to exercise that degree of care and dili-

gence for his own safety of which he was capable; and that said child could have avoided the consequences of the defendants' negligence, if any, by the exercise of such care and diligence as such child was capable of exercising.

Grounds 4 and 6 of the amended motion complain of the charge of the court to the effect that said child was chargeable with such care as its capacity, mental and physical, fitted it for exercising in the circumstances of the occasion and situation under investigation, and that said child was under the duty of exercising that degree of care. Ground 5 assigns error on the refusal of the court to charge the jury "that a child 5 years, 2 months and 25 days old is incapable of contributory negligence." The trial court had to decide whether this child was, as a matter of law, incapable of exercising due diligence for its own care and safety, or whether this question should be decided by the jury. The trial court took the view that the rule as to due care in a child of tender years (Code, § 105-204) was applicable, and submitted the question to the jury. We now have the same question that was presented to the trial court, and must decide whether this child, 5 years, 2 months and 25 days old, could be guilty of contributory negligence and of a failure to exercise due care for his own safety.

The lowest age of accountability for crime in this state is 10 years. Code, § 26-302. Between the ages of 10 and 14 it is a jury question whether a child knows the distinction between good and evil (Code, § 26-301), and the burden of showing that such child was capax doli, or capable of committing crime, is upon the state. *Ford* v. *State*, 100 *Ga.* 63 (1) (25 S. E. 845). A child is responsible for its torts under the same rules applicable to the commission of crime. Code, § 105-1806; *Central Railroad* v. *Brinson*, 70 *Ga.* 207 (5d). Six years is the age at which children may enter the common schools in this State. Code, § 32-937. The statute relating to the care required of children is the Code, § 105-204, as follows: "Due care in a child of tender years is such care as its capacity, mental and physical fits it for exercising in the actual circumstances in the occasion and situation under investigation." That section is a codification from the decision in *Western & Atlantic R. Co.* v. *Young*, 81 *Ga.* 397 (7 S. E. 912, 12 Am. St. R. 320), and 83 *Ga.* 512 (10 S. E. 197), and

in that case the child was 9 years of age. The codifiers placed in the statute no arbitrary age limit but applied the rule to a child of tender years. In *Crawford* v. *Southern Ry. Co.*, 106 *Ga.* 870 (2) (33 S. E. 826) it was said: "Where from the age of the child there can be no doubt as to its want of capacity to avoid danger the court will decide this question as matter of law," and "We think that there can be no doubt as to the soundness of the proposition that a child only four and a half years of age is incapable of being guilty of contributory negligence." That ruling was followed by this court in *Locke* v. *Ford*, 54 *Ga. App.* 322 (2) (187 S. E. 715). As far as we know these are the only Georgia cases holding as a matter of law that a child of any particular age is conclusively presumed to be incapable of contributory negligence. But it seems to be the duty of the courts, under the ruling in the *Crawford* case, to make such holding if the age of the child is such that the court has no doubt as to the child's want of capacity to avoid danger. In *Simmons* v. *Atlanta & West Point R. Co.*, 46 *Ga. App.* 93 (166 S. E. 666), this court applied the statute quoted above as to due care in a child of tender years, but held that as to a boy 7 years of age no presumption arises that he will apprize danger and will act with the discretion of an adult in going upon a railroad track and in getting out of the way of an approaching train, citing as authority *Southern Ry. Co.* v. *Chatman*, 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675), in which case the person injured was a boy 10 years of age.

While there is not complete uniformity in the decisions of the courts throughout the country as to a definite age at which a child becomes responsible for its own negligence, and at which a child of tender years may be responsible for contributory negligence, the majority of the cases hold that a child between the ages of 4 and 5 years is incapable of personal negligence, and that the rule of conclusive presumption of incapacity applies to a child of such an age. And, "in cases of injuries to children between 5 and 6 years of age, the correct rule would seem to be that the doctrine of conclusive presumption of incapacity should apply. This is true, not so much because the child is lacking in knowledge, as because it is lacking in judgment and discretion. It may know, for example, that if run over by a streetcar or team

injury will probably result, but the probability of such accidents if its fails to exercise care, and the possible extent of the injury in case a collision occurs, are not to any considerable degree appreciated." 107 A. L. R. 107. This quotation is apparently supported by decisions from Federal courts and from the courts of many of the States. The same conclusion reached by A. L. R. is stated by Blashfield in Vol. 2, § 1521, as follows: "It is almost universally agreed that a child of the tender years of 6 or less does not have sufficient intelligence to be chargeable with negligence so as to defeat recovery for injuries caused by a collision with an automobile."

Under the great weight of authority from other jurisdictions, and for the reasons expressed, we think it is sound to hold as a matter of law in this case that the child here involved was too young, immature and inexperienced, to possess sufficient judgment, prudence and discretion, under the circumstances surrounding his death to be chargeable with a failure to exercise due care for his own safety, or with contributory negligence. It follows that the trial court erred as contended in overruling the plaintiff's demurrer to the defendants' answer, and in submitting the question of the child's capacity to the jury.

The court erred in not granting the motion for new trial.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*