18345. JACKSON *v.* SAPP.

CANDLER, Justice. Mrs. Lillie Irby Jackson died March 17, 1952, leaving an instrument purporting to be her last will and testament. As nominated executor thereof, Matthew W. Sapp filed it for probate in the Court of Ordinary of Chatham County, and it was probated in common form in that court on March 31, 1952. Her husband, Roger C. Jackson, called for its probate in solemn form, and his application therefor, which was filed in the Court of Ordinary of Chatham County, alleged that Mrs. Jackson died in Chatham County; that he was her sole heir at law; that she died intestate; and that he desired to contest the validity of the instrument purporting to be her last will and testament. The instrument was pursuantly offered for probate in solemn form, and Jackson filed a caveat alleging undue influence and mental incapacity as his reasons why that instrument was not a valid will and why probate of it should be refused. The ordinary found in favor of the propounder, and the case was, in due time, appealed to the Superior Court of Chatham County. During the trial in the superior court, the caveator moved to dismiss the probate proceedings upon the ground that the Court of Ordinary of Chatham County had no jurisdiction to probate the will of Mrs. Jackson, "she being a resident of and domiciled in Jenkins County, Georgia." The court dismissed the motion and by order directed that the case be tried on its merits. To this order the caveator excepted pendente lite. The trial resulted in a verdict and judgment for the pro-

pounder. The caveator moved for a new trial upon the ground that the verdict was contrary to law and the principles of justice and equity. His motion for new trial was denied, and error is assigned upon that judgment and also upon the pendente lite exceptions. The movant did not prepare and file a brief of the evidence. *Held:*

1. Since the movant did not prepare and file a brief of the evidence, the ground of his motion for new trial which alleges that the verdict was contrary to law and the principles of justice and equity cannot be considered but will be treated and deemed as waived. Code (Ann. Supp.) § 70-301.1 (Ga. L. 1947, p. 298). See *Huguley* v. *Huguley,* 204 *Ga.* 692 (51 S. E. 2d 445). An assignment of error that the verdict is contrary to law and the principles of justice and equity is too general and indefinite to present to a reviewing court any question of law except that the verdict, for want of any evidence to support it, is contrary to law. Code § 70-202; *Pace* v. *Pace,* 154 *Ga.* 712 (115 S. E. 65); *Calhoun* v. *Ozburn,* 186 *Ga.* 569 (198 S. E. 706); *Brown* v. *State,* 15 *Ga. App.* 115 (82 S. E. 634).

2. There is no merit in the contention that the trial judge erred in refusing to dismiss the probate proceedings. Subject to the right of appeal to the superior court, the court of ordinary has exclusive jurisdiction over the probate of wills, and residence of the testator at the time of his death gives jurisdiction to the ordinary of that county. Code § 113-603. See *Harris* v. *Tisereau,* 52 *Ga.* 153 (2), 159. Even in the absence of a contest, the propounder, in order to probate a will and have it admitted to record, must show that the testator is dead; if a resident of this State, that he resided in the county where the will is offered for probate at the time of his death; and that the instrument so offered for probate is in fact his will. *Hungerford* v. *Spalding,* 183 *Ga.* 547 (189 S. E. 2). In the instant case, the motion to dismiss the proceedings for want of jurisdiction had the effect of asking the court to segregate, for separate trial and determination, one essential fact from others which the propounder was required to prove before the instrument could be established as a valid will of Mrs. Jackson and admitted to record as such, and we do not think that the court erred in refusing to do so. And this is especially true in the case at bar, since Jackson, the caveator, invoked the aid of the Court of Ordinary of Chatham County, Georgia, as the forum having jurisdiction to hear and determine the subject matter of his application, by a solemn admission in judicio which has not been withdrawn. See Code § 38-114; *Peacock* v. *Terry,* 9 *Ga.* 137 (6); *East Tennessee, Va. & Ga. Ry. Co.* v. *Kane,* 92 *Ga.* 187 (5) (18 S. E. 18); *Kelly* v. *Strouse,* 116 *Ga.* 872 (5) (43 S. E. 280).

3. For the reasons stated above, the record fails to show error.

*Judgment affirmed. All the Justices concur.*

Submitted September 15, 1953—Decided October 14, 1953.

*Sidney L. Raskin, Frank A. Dilworth III,* for plaintiff in error.
*Edward J. Goodwin, Andrew J. Ryan, Jr.,* contra.