## 35174. KING *v.* CITIZENS BANK OF DEKALB.

CARLISLE, J. Where, in a joint action for money had and received and for usury, the plaintiff seeks to recover of the defendant $398.24 as money had and received, and $6,437.13 as interest paid by the plaintiff to the defendant on a series of allegedly usurious transactions between them; and where, on the trial of the case, the evidence is in conflict on every material issue, authorizing the jury to find for the plaintiff for either or both of such sums, or against the plaintiff as to either or both of such sums; and where the trial court instructs the jury to consider the two issues separately and return verdicts as to each, but the jury returns one verdict in favor of the plaintiff for $204.24, which was not authorized by the evidence on either issue presented—a new trial must be granted. If the jury intended by its verdict to find that the transactions were usurious, it could not have found from the evidence in the case that the amount of interest paid by the plaintiff was only $204.24. If

the jury intended to find that the transactions were not usurious, then, under the court's instructions, it should have found nothing for the plaintiff on the issue of usury. If the jury intended to find for the plaintiff on the issue of money had and received, it could not under the evidence have found the sum of $204.24. If the jury intended to find in favor of the defendant on that issue, it should have found no sum against the defendant on that issue. If the jury intended to find for the plaintiff on one of the issues and against him on the other, it could not under the evidence have found $204.24. The verdict was not authorized by the evidence and leaves both the issues presented by the jury's determination unresolved. The trial court, consequently, erred in denying the plaintiff's motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 20, 1954.

*J. Hugh Rogers, J. F. Broyles,* for plaintiff in error.
*McCurdy & Candler, J. Robin Harris,* contra.