## 35460.   DAVIS *v.* DULA.

DECIDED JANUARY 28, 1955.

*Robert W. Reynolds,* for plaintiff in error.

*Jesse W. Walters, Peacock, Perry, Kelley & Walters,* contra.

FELTON, C. J.   The evidence was as follows: The plaintiff testified: "My name is J. A. Dula and I am the plaintiff in this suit. I rented a farm located in Terrell County to the defendant, Robert W. Davis.   Davis paid me money on the rent due from time to time.   This is a record of all money Davis paid me.   He now owes a balance of $726.   This $726 is a just debt and is past due and unpaid.   On December 28, 1953, I swore out a distress

warrant against Davis in Terrell County claiming that Davis owed me and John Head $750. That is true. The money was owed to me and to Mr. Head; however, the rental contract was between me and Davis and I had full authority to contract with Mr. Davis."

The defendant testified: "I did owe Mr. Dula approximately $726 but a few days before the lease terminated on Jan. 1, 1954, Mr. Dula telephoned me and we agreed for me to leave all of my pecans on the farm in payment of the balance of the rent due. I left the pecans as directed and do not owe Mr. Dula any amount."

In his amended petition the plaintiff alleges the amount of indebtedness to be $669.35, and he is restricted to that amount if he is entitled to recover. Under the evidence the jury could have made but one of two findings; either that the plaintiff was entitled to $669.35, the amount sued for, or that the plaintiff was not entitled to any amount because of the agreement testified to by the defendant. If the plaintiff was entitled to recover under the evidence, he was entitled to recover the full sum of $669.35, and a verdict for $250 was unauthorized. *Hood & Robinson* v. *Ware*, 34 *Ga.* 328 (2).

The plaintiff in error contends that, since the plaintiff admitted that the amount sued for was owed to both the plaintiff and John Head, Head was a necessary party to the action, and a verdict in favor of the plaintiff alone was not authorized by the evidence. The contention is without merit. The lease was between the plaintiff as lessor and the defendant as lessee. The plaintiff testified that he was authorized to execute the lease, and this was undisputed. Assuming that the plaintiff was acting merely as an agent for someone else at the time he executed the lease, he could maintain an action on such lease in his own name. *Spence* v. *Wilson*, 102 *Ga.* 762, 763 (29 S. E. 713); *Warr* v. *Mc-Leroy*, 48 *Ga. App.* 801 (2) (173 S. E. 767).

The court erred in denying the motion for a new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*