38408.   LONG v. SERRITT.

Decided October 10, 1960.

*Pittman, Kinney & Pope, H. E. Kinney,* for plaintiff in error.
*Harbin M. King,* contra.

TOWNSEND, Judge. ■ Special ground 1 contends that the trial court erred in allowing a witness for the plaintiff to illustrate his testimony by reference to a drawing which he held in his hand, in the presence of the jury, over timely objection, and counsel for the plaintiff in error cites *Moon v. State,* 68 Ga. 687, and *Western & Atlantic R. Co. v. Stafford,* 99 Ga. 187 (3) (25 S. E. 656) in support of this contention. Those cases deal either with the admissibility of documents into evidence or their effect after admission, whereas the objection here is based on the jury's having been allowed to see a diagram which was not introduced into evidence. The diagram was used by a single witness, not for any probative value it had in itself, but as a means of "pictorial communication" (see Wigmore, Evidence, Vol. 3, p. 186), the witness making use of the diagram only to illustrate his testimony as to the relation of various objects to each other. It was held in *Augusta & Summerville R. Co. v. Dorsey,* 68 Ga. 228 (5, 6): "A model or drawing may be made by a party to a suit to illustrate any article of machinery involved in the issue on trial, without notice to the opposite party." Although that case, too, involved an assignment of error on admitting the model in evidence, it illustrates the point that such devices have the approval of the courts, and that the plat or drawing derives its authenticity from the testimony of the witness rather than the other way around. There being no objection based on the ground that the drawing had on it any erroneous or prejudicial matter exhibited to the jury which was not authenticated by the testimony which it illustrated, no error is shown.

■ Special ground 2 contends that the trial court erred in charging the jury as follows: "I charge you a principle of law known as the family-purpose doctrine under the law of Georgia, and the doctrine is where a parent keeps and maintains an automobile for the comfort and pleasure of his family, which, of

course, would include a minor son, then the parent is liable for the negligence of the son driving an automobile with the parent's consent." This charge is contended to be error because (a) it constituted an opinion on the part of the trial court and thus invaded the province of the jury by that part of the excerpt "which, of course, would include a minor son," and (b) that it failed to state in connection therewith that the negligence referred to in the excerpt complained of would have to be, in order for the plaintiff to recover, a part of the proximate cause of the plaintiff's injuries.

As to complaint (a) above set forth, the family-purpose doctrine under the law of Georgia provides that where a parent makes it his business to entertain or furnish pleasure to members of his family by providing them with the use of an automobile, a liability arises under the law of principal and agent and of master and servant, and a member of the family using the family automobile for such family purpose becomes in legal contemplation the agent or servant of the parent owning the automobile. *Hirsh v. Andrews,* 81 Ga. App. 655 (59 S. E. 2d 552). And where a member of such family is a minor son who is allowed to use the automobile, he is included. *Espy v. Ash,* 42 Ga. App. 487 (156 S. E. 474). Accordingly, clearly the trial court in the excerpt complained of was only giving the jury the rule of law on the family-purpose doctrine, because in the very next paragraph he charged the jury as follows: "If from the evidence in this case as applied to the law which I have given you in charge, and which I will give you in charge, you find that the family-purpose doctrine is applicable in this case, then if you find that the son would be liable if he had been sued, then in this case the father would be liable under the family-purpose doctrine." There was no error in pointing out that the doctrine included a minor son, which was all this charge did in this respect.

As to complaint (b), the charge with reference to negligence given in the excerpt complained of was embraced in that part of the charge on the general subject of negligence, ordinary care on the part of both parties, and proximate cause. In connection therewith the trial court gave a full and complete

charge on proximate cause and the necessity that negligence, in order to be actionable, be a part of the proximate cause of the injuries to the plaintiff. Also, the excerpt above quoted predicates the liability of the father on the jury finding the family-purpose doctrine to be applicable to this case and then calls on them to apply the law which he has given and which he will give to the facts. Then if under the facts as they find them to be and the law as he gives it to them, they find the son would be liable if he had been sued, then the father would be liable. There is no error in the excerpt of the charge complained of either with reference to complaint (a) or (b), and the trial court did not err in overruling the motion for a new trial as to this ground.

■ In ground 3 of the amended motion the defendant contends that the trial court erred in charging the jury as follows: "The plaintiff asked damages against the defendant for pain and suffering, and I give you these principles of law as to pain and suffering, and the loss of ability to earn money. If you find in favor of the plaintiff in this case in estimating the damages you may consider the pain and suffering she may have endured at the time of and since the injury. In estimating these damages you should act impartially and according to your consciences. The amount should be reasonable and just as to both parties, and should compensate the plaintiff for the injuries received. After all, in estimating these damages, gentlemen, there is no rule, except your enlightened consciences and your impartiality under oath." This excerpt is alleged to be error because it was not authorized by the evidence, was confusing and misleading, and because there was no evidence produced at the trial showing the plaintiff had lost any ability to earn money. The plaintiff testified in part: "As to what has been the state of my physical condition since I went to Atlanta; well, my hip hurts me all the time if I do anything . . . No, sir, I can not work as good as I could before. As to whether or not I am going to continue this work; well, I don't think I can, it hurts my hip and back." Accordingly, there was evidence to show (a) that she had suffered pain, and (b) that she has lost some ability to earn money. Therefore the trial court did not err in overruling this ground of the motion for a new trial.

■ Ground 4 of the amended motion not being argued by counsel for the plaintiff in error is treated as abandoned. Special ground 5 complains because the trial court erred in charging the jury as follows: "If you find that she will sustain any loss of future earnings, that is, in the future, then the future earnings must be reduced to their present cash value by using the table of 7% per annum." This excerpt from the charge is alleged to be error because there was no evidence to authorize it; because it was misleading and confusing, and introduced a theory not sustained by the pleadings or the evidence. The petition alleged that the plaintiff "has suffered lost wages in the amount of $168 to date and will suffer further loss of wages until she is able to return to work." The injuries were suffered on May 13, 1959, and the petition filed on July 3rd, 1959. The date of the verdict was September 9, 1959. The plaintiff testified: "My weekly wages at that time [of the collision] were about $42. Up until July 3rd, of this year I haven't figured up how much wages I have lost. Between May 13th and July 3rd I did not work anywhere. Following July 3rd I have worked three weeks. I worked at Georgia Textile, back to my old job. No, sir, I can not work as good as I could before. As to whether or not I am going to continue this work; well, I don't think I can, It hurts my hip and back . . . I ain't done nothing since the wreck until three weeks ago. As to whether or not I didn't receive a pay check for the week ending May 22nd; well, I didn't work anywhere; I went back to work about three weeks ago."

It thus appears that the petitioner sought loss of future wages in her pleadings only until such time as she returned to work, and it appears that she did return to work three weeks prior to the trial of this case and was apparently working at the time of the trial for the same salary, and might be presumed to continue to do so unless there should be a change for the worse, as to which condition there was no evidence at all, she having only expressed her own opinion or belief to the contrary. Under authority of *Jones v. Hutchins*, 101 Ga. App. 141 (113 S. E. 2d 475), where there is evidence of the percentage of permanent disability, and evidence of the degree to which this disability may

reasonably affect future income, a charge on *earning capacity* is not error, although it states that any amount awarded and representing loss of earnings must be reduced to present cash value. However, where lost future earnings as such are sought, the loss is pecuniary and must be proved with reasonable certainty. *Railway Exp. Agency v. Mathis*, 83 Ga. App. 415, 422 (63 S. E. 2d 921) held as follows: "Damages recoverable for the loss of probable future earnings must be pleaded, and proved by introducing in evidence sufficient data upon which the jury may base their finding. Although the plaintiff testified that he was employed at the time of the trial, and although his employer testified that he had been so employed since the first of the year, there was evidence that his earnings in this employment were less than what they had been prior to the time of the collision. On its facts this case is similar to *Berry v. Jowers*, 59 Ga. App. 24 (206 S. E. 195), wherein the plaintiff showed that she had incurred serious injuries which resulted in her losing time from work, wearing glasses, having headaches, and having to leave her work early. This court held that there was no evidence that her disabilities would or did bring about any decrease in earnings, so as to make a charge to that effect applicable. In *Atlanta Coca-Cola Bottling Co. v. Deal*, 66 Ga. App. 211 (17 S. E. 2d 592), there was evidence that the plaintiff's use of his fingers was impaired, but that he was engaged in the same work at the time of the trial as at the time of the injury. This court held that a charge similar to the one given in the present case was inapplicable . . . The evidence was insufficient to authorize the charge as to loss of future earnings, and it was error to instruct the jury that they might determine the reasonable value of such earnings." There must be data from which the pecuniary value of the lost earnings can be determined. *City of Atlanta v. Jolly*, 39 Ga. App. 282 (1) (146 S. E. 770); *Nipper v. Collins*, 90 Ga. App. 827, 830 (84 S. E. 2d 497); *City Council of Augusta v. Drawdy*, 75 Ga. App. 543, 547 (43 S. E. 2d 569); *Rome Ry. &c. Co. v. Duke*, 26 Ga. App. 52 (105 S. E. 386). There being no pleadings or evidence in this case upon which the jury could reasonably arrive at any figure representing lost future earnings, the charge authorizing a recovery thereon was error requiring reversal.

■ The general grounds of the motion for a new trial present no question for review except that the verdict, for want of evidence to support it, is contrary to law. *Jackson v. Sapp*, 210 Ga. 134 (78 S. E. 2d 23). The question of whether a verdict is excessive will not be considered when the issue is not made otherwise than as an amplification of the general grounds of the motion for a new trial. *Standard Oil Co. v. Parrish*, 40 Ga. App. 814, 816 (6) (151 S. E. 541) ; *Bart v. Schneider*, 39 Ga. App. 467, 468 (147 S. E. 430). Since there was evidence to support the verdict, the general grounds of the motion for a new trial are without merit.

The trial court erred in denying the motion for new trial for the reasons set out in division 4 of this opinion.

*Judgment reversed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*