39141.   TALLENT v. McKELVEY.

D<small>ECIDED</small> F<small>EBRUARY</small> 7, 1962—J<small>UDGMENT</small> <small>ADHERED</small> <small>TO</small>
M<small>ARCH</small> 23, 1962—R<small>EHEARING</small> <small>DENIED</small> M<small>ARCH</small> 30, 1962.

*Parker, Clary & Kent, E. J. Clower,* for plaintiff in error. ·
*Fullbright & Duffey, Covington, Kilpatrick & Storey,* contra.

HALL, Judge. 1. The evidence did not demand a verdict for the defendant.

2. Ground 6 complains of the charge of the court on the subject of accident. We think this charge was error. It gave the defendant the benefit of a defense not pleaded or sustained by the evidence. Since accident was not involved, "the charge on that subject was probably harmful to the plaintiff in view of the very small verdict for the plaintiff." *Riggs v. Watson,* 77 Ga. App. 62, 67 (47 SE2d 900).

3. On the general grounds of a motion for new trial a verdict in an amount not supported by the evidence must be set aside. *Bishop & Parsons v. Mayor &c. of Macon,* 7 Ga. 200, 204 (50 AD 400); *Hood & Robinson v. Ware,* 34 Ga. 328; *Roddenberry Hdw. Co. v. Merritt,* 17 Ga. App. 425 (87 SE 681); *Travers v. Macon Ry. &c. Co.,* 19 Ga. App. 15 (90 SE 732); *Hill v. Cloud,* 48 Ga. App. 506, 507 (173 SE 190); *Davis v. Dula,* 91 Ga. App. 448 (85 SE2d 825); accord, *Oliver v. Coleman,* 36 Ga. 552, 555; *Buchanan v. Hieber,* 78 Ga. App. 434, 439 (50 SE2d 815); *State Highway Bd. v. Warthen,* 54 Ga. App. 759, 763 (189 SE 76).

The verdict for the plaintiff in this case shows that the jury found against the defendant on the question of liability. Plaintiff's undisputed evidence shows that he sustained special damages of approximately $5,000. Since the evidence "authorized the finding of the jury establishing the liability of the defendant, and the undisputed evidence showed actual damages to the plaintiff resulting from the injuries sustained," a verdict in favor of the plaintiff for less than the actual damages proved "was grossly inadequate and contrary to law and the evidence, and the refusal to grant the plaintiff a new trial was error." *McLendon v. Floyd,* 59 Ga. App. 506 (1 SE2d 466); accord, *King v. Citizens Bank of DeKalb,* 90 Ga. App. 638 (83 SE2d 821); *Hamer v. White,* 110 Ga. 300 (34 SE 1001); *Hankin Music Co. v. Deaton,* 62 Ga. App. 599 (9 SE2d 121).

It is contended that the amount of the verdict is explained by the application of the theory of comparative negligence. It is true that the trial court charged the law on comparative negli-

gence. However, under both the pleadings and the evidence in this case the intersection where the collision occurred was controlled by a traffic light and there was positive evidence as to the manner in which the light was operating. If the intersection had not been so controlled the theory of comparative negligence would probably have been involved. The charge was clearly erroneous because the evidence does not authorize a finding of contributory negligence on the part of the plaintiff if the defendant's negligence, as found by the jury, was the proximate cause of the injuries. *Anglin v. City of Columbus,* 128 Ga. 469, 472 (57 SE 780).

The verdict in the amount of $730 was contrary to law and the evidence. The fact that the judge erroneously charged the jury on the law of comparative negligence and the plaintiff did not except to this charge, does not affect the illegality of a verdict which has been excepted to as being contrary to law and the evidence. *Lee v. Hill,* 28 Ga. App. 312 (111 SE 211). When the losing party fails to except to an erroneous charge, it becomes the law of the case that the judgment cannot be reversed on the ground of the erroneous charge. But a charge giving legal significance to facts in evidence, which in law have no significance, does not become the law of the case, when a motion for new trial is made containing the ground that the verdict is contrary to the law and the evidence. *Lee v. Hill,* supra. A fortiori, the failure to except to an erroneous charge upon a subject upon which there is no evidence cannot create evidence or make it the law of the case that there is such evidence, against the grounds that the verdict is grossly inadequate and is contrary to law and the evidence. Furthermore, it is inconceivable that a judgment cannot be reversed where there are two patent errors which are excepted to, because there is also a third error upon which there is no assignment.

The court erred in denying the motion for a new trial on the general grounds. It is therefore unnecessary to pass on Grounds 4 and 5.

*Judgment of reversal adhered to on rehearing. Carlisle, P. J., Bell, Jordan, and Eberhardt, JJ., concur. Felton, C. J., Nichols, P. J., Frankum and Russell, JJ., dissent.*

FELTON, Chief Judge, dissenting. 1. *Code* § 105-2015 provides: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." My understanding of this Code Section is that it does not have reference to a gross mistake, or any other kind of mistake on the part of a trial judge, which is not excepted to. When the judge in this case erroneously charged the law of comparative negligence and such a charge was not excepted to, the charge became the law of the case. The failure to except to the charge in this case made it the law of the case, whether right or wrong, that the evidence authorized the jury to find that there was comparative negligence. The Code Section above referred to contemplates as the reason for an inadequate or excessive verdict some unknown reason which influenced the jury, which could be a gross mistake of some unknown kind or bias for some unknown reason on the part of the jury. When a verdict is wholly inadequate, as in this case, it should not be set aside when there is an explanation for it which excludes the idea of bias or gross mistake on the part of the jury. For this reason the grounds complaining of the charge of accident and inadequacy of the verdict are without merit for the reason that it must be assumed that the judge's charge on comparative negligence is the basis for the inadequate verdict. For this reason the ruling in *Riggs v. Watson*, 77 Ga. App. 62 (47 SE2d 900), is not controlling. The general grounds of the motion for a new trial are without merit because they raise only one question of law and that is that the verdict, for want of any evidence to support it, is contrary to law. *Jackson v. Sapp*, 210 Ga. 134 (1) (78 SE2d 23). The case of *Lee v. Hill*, 28 Ga. App. 312 (111 SE 211) is contrary to the principle stated in *Jackson v. Sapp*, supra, and innumerable other cases from this court and the Supreme Court. The ruling in the *Lee v. Hill* case means that the ground of a motion for a new trial that a verdict is contrary to law is equivalent to an exception to an erroneous charge of the court. If we adopt this ruling from *Lee v. Hill* we are revolutionizing the strict requirements in innumerable cases from both Appellate Courts as to the express and explicit exceptions to rulings by

trial judges in the trial of cases. An incorrect charge unexcepted to is just as much the law of the case as a judgment overruling a general demurrer which is unexcepted to, and if anything in the record shows what the law of the case is this court has to take notice of it in adjudicating the issues in the case. If the law stated in *Lee v. Hill* is correct, the necessity for an exception to an erroneous ruling or charge by the trial court in many cases would be a thing of the past. It may be that more liberal rules should be adopted but I know of none now in effect in this State which could produce the result reached by the majority.

2. In my view of the case it is immaterial whether there is a question of comparative negligence in the case. Even if there is no such evidence, under the charge of the court on the subject of comparative negligence unexcepted to, the issue was put into the case and authorized the jury to find on the subject. My personal view is that the evidence did not authorize a finding of comparative negligence. The only kind of negligence in this case upon the part of the driver who went into the intersection legally, which could be considered by the jury under a proper charge, would be the question of his negligence in not avoiding the consequences of the other driver's negligence after he discovered it or should have discovered it by the exercise of ordinary care. If the driver who went into the intersection lawfully could not have thus avoided the other's negligence he would not be charged with contributory or comparative negligence.

NICHOLS, Presiding Judge, dissenting. The evidence shows without dispute that the plaintiff and the defendant entered the intersection from right angles, that the defendant entered from the plaintiff's right, and that the plaintiff's motorcycle struck the left side of the defendant's automobile. Beyond this there seems to be no agreement as to how the collision occurred. Each party testified that he had the green (or go) light as he entered the intersection and that the light changed to amber (caution) after he had entered the intersection but before the collision actually occurred. The plaintiff presented witnesses whose testimony at least inferred that he entered the intersection with the green (or go) light and the defendant presented

witnesses whose testimony at least inferred that he entered the intersection with the green (or go) light. Obviously—since the testimony as to how the electrical control system operated was that the light changed from green (go) to amber (caution) to red (stop) and then to green (go), and that while either the green (go) or amber (caution) was on facing traffic on either street the light facing traffic on the cross-street was red (stop)—both parties could not be telling the truth when they testified that the light facing them turned from green (go) to amber (caution) after they entered the intersection.

The majority opinion, as well as the dissent of Chief Judge Felton, is based on the theory that comparative negligence is not in the case, and that either the plaintiff's or the defendant's negligence was the sole proximate cause of the collision.

In the writer's opinion the case does not fall into such category. In *Eddleman v. Askew*, 50 Ga. App. 540 (3) (179 SE 247), dealing with the right-of-way of the driver on the right, it was held: "But even though a driver on the left has failed to observe a right-of-way statute and is thus guilty of negligence per se, or has otherwise failed to exercise ordinary care in approaching the intersection, this will not render such a driver liable for a collision, unless such negligence proximately contributed to the collision. This is true for the reason that such negligence of a driver approaching on the left will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an intersection, especially one which might be termed a 'blind intersection,' without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent." See also *Cox v. Nix*, 87 Ga. App. 837 (75 SE2d 331), where it was held that the question of comparative negligence was one for the jury in a case involving an intersection collision.

In addition to the evidence shown above there was evidence that the plaintiff did not look to his right until a second or so before the impact yet he looked to the left. The testimony showed that the intersecting streets were four and six lanes wide, and there was evidence that the plaintiff had crossed at least two lanes of the street on which the defendant was driving when the collision occurred, while the defendant had crossed approximately two and one-half lanes on the street on which the plaintiff was driving. Each was driving at approximately the same speed at the time of the collision (15 or 20 miles per hour), and assuming, but not deciding, that the defendant did enter the intersection when the red (stop) light was facing him, yet since all the evidence shows that neither the plaintiff nor the defendant had been stopped at the intersection before they entered it, the jury was authorized under the decision in the case of *Eddleman v. Askew*, 50 Ga. App. 540, supra, and similar cases to find that the plaintiff was also negligent and to apply the law of comparative negligence. The charge on comparative negligence was authorized by the evidence and the amount of the verdict, when the jury applied such yardstick, was not so small as to show gross mistake as the majority opinion holds. See also as the duty to reduce speed upon entering an intersection, *Hardwick v. Ga. Power Co.*, 100 Ga. App. 38 (110 SE2d 24), where it was held that such question is for the jury.

I am authorized to say that Judges Frankum and Russell concur in this dissent.